## Hymes License

162

*Carl L. Mease,* for appellant.

*John P. Harrington,* Assistant Attorney General, for Secretary of Revenue.

MILLER, J., September 9, 1963.—We have before us appeals from two motor vehicle operator's license suspension orders of the Secretary of Revenue entered against appellant, Manford Hymes, on November 14, 1962. At Commonwealth docket 1962, no. 616, appellant seeks to set aside the order of the Secretary of Revenue suspending his operating privileges for a period of 11 months. At Commonwealth docket 1962, no. 617, appellant challenges a one-year suspension order, the period of which was to commence at the conclusion of the previous 11 months' suspension. When these appeals were filed on December 13, 1962, we granted a supersedeas as to each suspension order and fixed February 19, 1963, as the hearing date. At that time, the Commonwealth filed motions to quash these appeals on the ground that they were taken prematurely. . . .

*Discussion*

1. Were these appeals premature?

Appellant received this suspension notice on November 15, 1962, and it advised him that his operating privileges would be suspended for a period of 11 months commencing February 23, 1963. However, the notice stated November 14, 1962, as the "effective date of suspension". At hearing, the court was advised that this suspension was not effective until February 23, 1963, because the seven-month suspension that appellant was then serving would terminate on February 22, 1963. The Commonwealth argues that appellant

was not then prejudiced by the suspension order, since it did not become effective for several months after receipt of notice of same, and that the appeal must, therefore, be quashed because it is premature. To our knowledge, this is the first time the Commonwealth has taken this position, and we regard it as illogical.

While section 620 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §620, which prescribes the appeal procedure, allows 30 days for the taking of an appeal, the code does not state specifically when this 30-day period commences. The applicable language is as follows:

"Any person, whose operator's license or learner's permit has been suspended, . . . shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides, . . ."

Apparently, the 30-day period commences with the date of suspension. However, as a matter of practice, this court has always considered the period as beginning with the date the suspension order is received by the licensee, although this is generally 10 days or more before the beginning of the suspension period. Thus, if an appellant acts promptly, he is able to perfect his appeal and obtain a supersedeas, pending hearing and disposition thereof, prior to the date when he must surrender his operator's card to the Secretary of Revenue. Here, the Commonwealth would have us construe the statute as to not permit the taking of an appeal until after the actual suspension date, this being the date when the operator must forfeit his privileges and surrender his operator's card to the Secretary of Revenue. While there is a greater time than usual in this case between the notice of the suspension and its beginning date, we do not think that appellant in this case, or any similar cases, need await the actual date of suspension before filing his appeal. The secretary's order would

appear to be final, and thus appealable, on the date that it is served on the licensee, and, as a practical matter, this date should control the commencement of the 30-day appeal period. Therefore, we conclude that this appeal is not premature, and the Commonwealth's motion to quash is refused.

2. Did the Commonwealth meet its burden of proof as to the offense?

On the merits of the appeal, appellant's first contention is that the Commonwealth failed to prove he committed a speeding violation on April 5, 1962, in Westmoreland County. It is not disputed that he was arrested and charged with speeding at 55 miles per hour in a 40-mile zone, and that he paid the fine and costs rather than appearing for hearing. However, in order to prove the commission of this offense at our appeal hearing, the Commonwealth called only the State trooper who was the "pursuit officer" in the radar team. The member of the team who was the "meter reader", and who actually determined appellant's speed by looking at the radar instrument, was not called to testify. The "pursuit officer" did not clock appellant's speed in any way, but merely halted him a short distance beyond the radar site. Thus, the only evidence of this speeding offense which is before us is incompetent, because it is founded upon hearsay. Such evidence was received at hearing conditionally, over objection by appellant's counsel and subject to his exception.

This suspension was made under the discretion conferred on the Secretary of Revenue by section 618(b) (2) of The Vehicle Code, supra, which states as follows:

"(b) The secretary may suspend the operator's license . . . after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence: . . . (2) *That such person has committed any violation of the laws of this Commonwealth relating to vehicles or tractors;*" (Italics supplied.)

Unlike a suspension under section 618(e), "Our initial inquiry must . . . be whether or not the appellant has committed the violation of The Vehicle Code upon which the suspension was predicated, . . .": Appeal of Stoneroad, 79 Dauph. 22, 25 (1962). Cf. Commonwealth v. Sellers, 80 Dauph. 68 (1963). It is our duty to hear the testimony de novo to determine whether petitioner is subject to suspension of his operator's license: Commonwealth v. Emerick, 373 Pa. 388 (1953).

The Commonwealth has failed to establish its burden of proving by competent evidence that appellant committed The Vehicle Code violation which gives rise to this suspension. Therefore, although not for this reason alone, this appeal must be sustained.

3. Extenuating circumstances and mitigating factors.

In appeals of this kind, we are permitted, and in fact it is our duty, to consider the existence of extenuating circumstances in connection with the violation which gives rise to the suspension, and to also consider any factors which should mitigate in favor of appellant: Commonwealth v. Sellers, supra, and cases therein cited.

Even if we assume that appellant was properly convicted of the last mentioned speeding offense, which was not established to the court's satisfaction as above noted, certain additional circumstances should be considered in relation to this offense. According to the undisputed testimony, appellant at the place of the radar check had just left a four-lane stretch of highway where the speed limit had been 50 miles per hour and was travelling at the time on a three-lane stretch where the speed limit was 10 miles lower. Further, he was arrested in the early morning hours when traffic was light and the weather and road conditions were excellent. Thus, if appellant was speeding at the time, he was

doing so at very slight risk to other motorists on the highway.

In mitigation of the penalty imposed, appellant did not impress us as a reckless person, or one who flagrantly disregards the motor vehicle laws. It is true that his record shows six prior speeding violations and three prior suspensions. However, his uncontradicted testimony shows that he had previously been a resident of Florida, and that he did not understand the strict Pennsylvania policies regarding the accumulation of motor vehicle offenses and the suspensions imposed in connection with an accumulation of offenses. We believe that license suspension orders are entered primarily for the purpose of deterring motorists from further violations. Here, although appellant had been suspended on two previous occasions, first for one month and next for three months, he had no knowledge of these suspensions and never actually surrendered either his operator's license or his privileges during those periods. As a result of his fifth offense, he was suspended for seven months, but he did not receive this suspension order until *after* his sixth and seventh offenses, which occurred on two successive days, April 4 and 5, 1962. Thus, the *first* deterrent imposed upon appellant was the seven-month suspension, which he was serving at the time he received notice of this 11-month suspension. If appellant had served both his one and three-month suspensions, as well as his seven-month suspension, and thereafter continued to violate the speeding law, we would have no hesitancy in dismissing this appeal and sustaining the secretary's action. However, here, it does not seem that this operator had received due warning of the harsh penalties that might be imposed, and we feel that he has been sufficiently punished with the seven-month suspension and the notice that any further offense will result in an 11-month suspension.

If this 11-month suspension is affirmed, it will impose severe economic hardship on appellant and his family, depriving him of the only means of livelihood for which he is apparently trained. We are aware that economic hardship, standing alone, is insufficient ground for setting aside the suspension order (Magida Motor Vehicle Operator License Case, 194 Pa. Superior Ct. 398 (1961)), but we feel that all of these mitigating factors taken together, require that this suspension order be set aside.

This appellant should understand, however, that he has received his last warning and his last act of mercy in connection with his motor vehicle violations. If he suffers another arrest and conviction within the applicable three-year period, he will undoubtedly be properly subject to an 11-month suspension, or longer, and there will be nothing to mitigate in his favor at that time. But, for the foregoing reasons, we are motivated to sustain this appeal and, therefore, enter the following

*Order*

And now, September 9, 1963, the appeals of Manford Hymes from the motor vehicle suspension orders of the Secretary of Revenue entered November 14, 1962, are hereby sustained, and the secretary is directed to reinstate appellant's motor vehicle operating privileges at the conclusion of service of the seven-month suspension heretofore ordered against him by the Secretary of Revenue.

Judge Homer L. Kreider concurs in the result.