## DiSanto License

*Richard S. Friedman, Cooper, Friedman & Friedman,* for appellant.

*Anthony J. Maiorana, Asst. Attorney General,* for Commonwealth.

BOWMAN, J., March 27, 1967.—In this motion by the Commonwealth to quash and dismiss an appeal from the action of the Secretary of Revenue in suspending appellant's motor vehicle operating privileges, we are called upon to again consider the issue of whether such an appeal is prematurely taken if filed after the *act* of suspension, but before the *effective* date of suspension.[1] The Commonwealth contends that

---

[1] Similar appeals by this appellant and motions by the Commonwealth to dismiss and quash such appeals for the same reason are before us in appeals docketed to nos. 306, 307, 308 and 309, Commonwealth Docket, 1966. The essential facts in these appeals are recited above, and all appeals will be disposed of by this one opinion.

the statutory appeal provisions invoked by appellant permit an appeal only after the suspension is in fact operative, while appellant contends that his right of appeal and the 30-day limitation on the right of appeal commence when the secretary notifies him of the latter's action in ordering a suspension, even though the effective date of the suspension is some time in the future. In taking this position, appellant is supported by a prior decision of this court in Hymes License, 32 D. & C. 2d 161, 81 Dauph. 163 (1963).

On May 24, 1964, appellant was arrested for speeding and, as a result of his conviction, his operator's license was suspended for a period of one year by the Secretary of Revenue, effective June 19, 1966. This matter was appealed to this court, which appeal was dismissed after hearing: Commonwealth v. DiSanto, 86 Dauph. 131 (1966). This matter is not presently before us, but does afford background to this matter.

On March 12, 1965, appellant was arrested for speeding and, as a result of his conviction, his opertor's license was suspended for a period of five months, effective June 19, 1967.

On March 19, 1965, appellant was arrested for speeding and, as a result of his conviction, his operator's license was suspended for a period of six months, effective November 19, 1967.

On May 8, 1965, appellant was arrested for speeding and, as a result of his conviction, his operator's license was suspended for a period of one year, effective May 19, 1968.

On August 19, 1965, appellant was arrested for speeding and, as a result of his conviction, his operator's license was suspended for a period of eight months, effective May 19, 1969.

On September 7, 1965, appellant was arrested for speeding and, as a result of his conviction, his opera-

tor's license was suspended for a period of nine months, effective January 19, 1970.

To summarize, appellant was arrested for speeding on six different occasions between May 23, 1964 and September 7, 1965. On each occasion, he requested a departmental hearing, which was granted. All of these matters were heard at the same time and place, by the same hearing examiner, and appellant was notified of the respective suspensions and effective dates thereof on the same date, to wit, June 16, 1966. The earliest effective date of the several suspensions and appeals therefrom with which we are here concerned is June 19, 1967. The latest one will become effective January 19, 1970.

Section 620 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §620, provides in essential part as follows:

"Any person, whose operator's license or learner's permit has been suspended, . . . shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides. . . ."

In Hymes License, supra, Judge Miller, speaking for this court, stated, page 162:

"Appellant received this suspension notice on November 15, 1962, and it advised him that his operating privileges would be suspended for a period of 11 months commencing February 23, 1963. However, the notice stated November 14, 1962 as the 'effective date of suspension'. At hearing, the court was advised that this suspension was not effective until February 23, 1963, because the seven-month suspension that appellant was then serving would terminate on February 22, 1963. The Commonwealth argues that appellant was not then prejudiced by the suspension order, since it did not become effective for several months after

receipt of notice of same, and that the appeal must, therefore, be quashed because it is premature. To our knowledge, this is the first time the Commonwealth has taken this position and we regard it as illogical.

"While section 620 of The Vehicle Code, of April 29, 1959, P. L. 58, 75 PS §620 which prescribes the appeal procedure, allows 30 days for the taking of an appeal, the code does not state specifically when this 30-day period commences . . .

"Apparently, the 30-day period commences with the date of suspension. However, as a matter of practice, this court has always considered the period as beginning with the date the suspension order is received by the licensee, although this is generally 10 days or more before the beginning of the suspension period. Thus, if an appellant acts promptly, he is able to perfect his appeal and obtain a supersedeas, pending hearing and disposition thereof, prior to the date when he must surrender his operator's card to the Secretary of Revenue. Here, the Commonwealth would have us construe the statute as to not permit the taking of an appeal until after the actual suspension date, this being the date when the operator must forfeit his privileges and surrender his operator's card to the Secretary of Revenue. While there is a greater time than usual in this case between the notice of the suspension and its beginning date, we do not think that appellant in this case, or any similar cases, need await the actual date of suspension before filing his appeal. The secretary's order would appear to be final, and thus appealable, on the date that it is served on the licensee, and, as a practical matter, this date should control the commencement of the 30-day appeal period. Therefore, we conclude that this appeal is not premature, and the Commonwealth's motion to quash is refused".

The Commonwealth argues that section 620 is capable of only one possible construction, namely, that the

right of appeal arises only upon the date the secretary's suspension order is stated to become effective; that our opinion in Hymes in effect recognizes this contention; and that in reaching a contrary conclusion, this court erred and should now reverse itself.[2]

To contend that this section is capable of but one possible construction is to ignore the obvious and begs the question in issue. Stripped to its essential words, this section merely establishes a right of appeal after an operator's license "has been suspended". Such language is capable of at least two meanings in those fact situations where the order of suspension and notice thereof are given on one date, but the order states it is to become effective at some future date. In such cases —the question recurs—when does the right of appeal mature?

While there is language in Hymes indicating that practicalities were considered in reaching its legal conclusion, the decision was founded upon the well established principle that where a right of appeal is provided by statute, it matures or comes into being when the action from which such an appeal is allowed becomes final. In Hymes, we concluded that the secretary's order of suspension became final, and thus appealable, upon notification to licensee. We now affirm that conclusion.

After citing authorities to the effect that an appeal taken before a final decree or judgment has been rendered is premature—a principle with which we are in accord—the Commonwealth likens a suspension order of the secretary, rendered on a particular date, but to take effect at some future date, to an interlocutory

---

[2] The Hymes decision was not appealed. The Commonwealth now states that the Department of Justice did not become aware of the decision until after the appeal period had expired, a most remarkable statement, inasmuch as the Commonwealth was represented in that case by an assistant attorney general.

court order and thereby concludes, without further reasoning or supporting authority, that these appeals are premature.

The finality of an order of suspension by the secretary is not necessarily destroyed simply because it is to become effective at some future date. The test of finality, and thus the maturing of a right of appeal therefrom, must be determined from the substance of the order and from the nature of the proceedings out of which it was rendered. Tested by these standards, we have no hesitancy in holding that a suspension order of the secretary is a final order upon notification being given to licensee.[3] When rendered, it settles all factual issues and evidences a then present intent on the part of the secretary to exercise the discretion conferred upon him by other provisions of The Vehicle Code to suspend the motor vehicle operating privileges of a licensee for a particular period of time. It is not an intermediate decision on his part making certain determinations and reserving others. So far as the secretary is concerned, the proceedings are ended upon rendition of his order of suspension. By no standard can it be said to be interlocutory or anything less than final, even though the period of suspension (the punishment) is to be imposed at some future date.

Another reason, peculiar to appeals to court from many administrative orders or decisions, and hence going to the nature of the proceedings, supports our conclusion. In a number of such appeals to court, including the appeals here in question, the matter is heard de novo by the judicial tribunal: Rabin Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 555 (1961). If the secretary's order is not final when notice thereof is given to licensee and does not become

---

[3] See subsection (h) of section 618 and subsection (8) of section 619 of The Vehicle Code requiring notice of suspension to be given.

final until the future date it prescribes as the effective period of suspension, extensive delays may be encountered in having judicial review of such action. In the instant case—admittedly an extreme example—none of the appeals could be consolidated, and the last suspension order would not be "final" for purposes of appeal until January 19, 1970. Whether the delay be for six months or two years, it dims the memory, makes the marshalling of evidence and witnesses more difficult and can hardly be said to serve the ends of justice. The very nature of the judicial review of the secretary's action in this area points up the need and affords additional support for concluding that the orders of the secretary in question are final.

For the foregoing reasons, we make the following

### ORDER

And now, March 27, 1967, the several motions of the Commonwealth to quash and dismiss the appeal of Alex A. DiSanto in this case and those entered to nos. 306-309, inclusive, Commonwealth Docket, 1966, are hereby dismissed.