## Confair License

*Nickolas B. Piazza,* for appellant.
*Robert E. Bull,* for Commonwealth.

KREISHER, P. J., May 19, 1967.—On June 6, 1966, appellant paid a fine and costs for travelling 66 miles per hour in a 50-mile per hour speed zone. On November 23rd, appellant was notified of a departmental hearing to be held December 9th. Appellant did not appear, and a hearing was held ex parte. On the basis of the information contained in appellant's file and the facts adduced at the ex parte hearing, a three-month suspension was imposed effective February 16, 1967.

On February 6, 1967, appellant was notified by registered mail that his license would be suspended on said effective date.

On February 14th, counsel for appellant filed the above-captioned appeal, at which time the court made an order setting the hearing more than 30 days from the presentation of the petition.

The Commonwealth thereafter filed a motion to quash the appeal because the same was taken prematurely, since the suspension did not become effective until two days later, and it is the Commonwealth's contention that an appeal will not lie until after the effective date of the suspension.

Counsel for the Commonwealth, in support of this contention, has attached to his brief a case in the Court of Common Pleas of Montgomery County wherein our

good friend, Judge Honeyman, made an order of court sustaining the Commonwealth's contention by merely saying that the motion to quash was allowed because there is nothing from which an appeal would lie, without entering into any discussion on the subject.

We have due respect for the acumen of Judge Honeyman. However, we are inclined to follow the more logical reasoning contained in the case of Hymes License, reported in 32 D. & C. 2d 161. Quoting from page 163 of the opinion, it is stated:

"While section 620 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §620, which prescribes the appeal procedure, allows 30 days for the taking of an appeal, the code does not state specifically when this 30-day period commences. The applicable language is as follows:

" 'Any person, whose operator's license or learner's permit has been suspended, . . . shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides, . . .'

"Apparently, the 30-day period commences with the date of suspension. However, as a matter of practice, this court has always considered the period as beginning with the date the suspension order is received by the licensee, although this is generally 10 days or more before the beginning of the suspension period. Thus, if an appellant acts promptly, he is able to perfect his appeal and obtain a supersedeas, pending hearing and disposition thereof, prior to the date when he must surrender his operator's card to the Secretary of Revenue. Here, the Commonwealth would have us construe the statute as to not permit the taking of an appeal until after the actual suspension date, this being the date when the operator must forfeit his privileges and surrender his operator's card to the Sec-

retary of Revenue. While there is a greater time than usual in this case between the notice of the suspension and its beginning date, we do not think that appellant in this case, or any similar cases, need await the actual date of suspension before filing his appeal. The secretary's order would appear to be final, and thus appealable, on the date that it is served on the licensee, and, as a practical matter, this date should control the commencement of the 30-day appeal period. Therefore, we conclude that this appeal is not premature, and the Commonwealth's motion to quash is refused".

The foregoing language, in our opinion, appears to be more logical than the strict, technical interpretation given to the code by the order of court relied upon by the Commonwealth. Therefore, without further comment, we enter the following:

### ORDER OF COURT

And now, to wit, May 19, 1967, the motion on behalf of the Commonwealth to quash the appeal is denied, and counsel for appellant and the Commonwealth shall agree with the court on a date to be fixed for hearing on the appeal.