## Klitsch Motor Vehicle Operator License Case.

Argued June 12, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Elmer T. Bolla,* Deputy Attorney General, with him *William C. Sennett,* Attorney General, for Commonwealth, appellant.

No argument was made nor brief submitted for appellee.

OPINION BY JACOBS, J., September 12, 1968:

The Secretary of Revenue notified the appellee on four separate occasions of the suspension of his operator's license.[1] No appeal was taken to the lower court from any suspension except the last one which was for a period of one year beginning July 11, 1968. Appellee was notified of this suspension by the secretary on April 21, 1967, and filed his appeal with the lower court on February 2, 1968. The Commonwealth appeals to us from the order of the lower court reversing this last suspension.

Two arguments are advanced by the Commonwealth: that the appeal to the lower court was premature and that under the facts of the case the lower court abused its discretion in reversing the secretary.

---

. [1] All suspensions were imposed under section 618 of The Vehicle Code, 75 P.S. §618. The first was imposed for a period of fifteen days from November 30, 1965 for an improper pass. During the fifteen day suspension appellee was apprehended for operating a motor vehicle and received a one year suspension beginning July 11, 1966. In the fall of 1966 the appellee was arrested twice for operating during suspension. For the first offense his operator's license was suspended for one year from July 11, 1967 and for the second offense he received the suspension involved in this appeal. Notices of the last two suspensions were given on the same date, to wit, April 21, 1967.

The Commonwealth's argument on prematurity arises from section 620 of The Vehicle Code, 75 P.S. §620, which provides for appeal from suspension of operator's licenses:

"Any person, whose operator's license or learner's permit *has been suspended* . . . shall have the right to file a petition, *within thirty (30) days thereafter,* for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides. . . ." (Emphasis added.)

The proper time to appeal a suspension, the Commonwealth contends, is within thirty days after the suspension becomes effective, and not before. It argues that the thirty day appeal period begins to run, not from the date of the secretary's action ordering suspension, but from the date that suspension takes effect. The basis of this argument is that the license, in the statutory language, "has been suspended" only when that suspension takes effect.

We believe the most reasonable interpretation of the statutory language and the most sensible practice is to hold that the thirty day appeal period runs from the time notice of the secretary's action is received by the licensee.[2]

The language of section 620 supports this conclusion: An appeal is taken from the action of the secretary in suspending an operator's license. The secretary's action takes place when he makes the order of suspension, regardless of when it is to take effect. The remainder of section 620 directs the courts "to determine whether the petitioner is subject to suspension of operator's license. . . ." In other words, the court must determine whether the secretary acted properly in passing on the merits of the operator's case. Whether

---

[2] See section 618(h) of The Vehicle Code, 75 P.S. §618(h), providing that the secretary shall give immediate notice of a suspension to the person involved.

or not the operator was subject to suspension was determined by the secretary as of the time he made his order, and that is the action which must be examined. It appears to us that the legislature contemplated that the appeal period should run from the time the order is made rather than from the date it takes effect.

We may also consider the consequences of the interpretation asked for by the Commonwealth in determining the intention of the legislature. Article IV, section 51, of the Statutory Construction Act, 46 P.S. §551. If an appeal could not be taken until the suspension became effective, there would be substantial delay between the time of the secretary's determination and the court's determination in cases of multiple suspensions. For example, in the present case had the appellee desired to appeal from both suspensions imposed by the orders of April 21, 1967, he would have been required to appeal from the order becoming effective on July 11, 1967 within thirty days after that date and from the order becoming effective on July 11, 1968 within thirty days after that date. This could result in the death or unavoidable absence of witnesses and could tend to diminish their recollections of past events. Such results are undesirable. Further, an operator cannot get a supersedeas of the secretary's order until he is able to present his appeal and if such appeal could not be presented until the suspension became effective he would be placed in the awkward position of not being able to get a supersedeas before he must surrender his operator's license.[3] It is hard to imagine the legislature intending to create such unsatisfactory consequences.

There is another reason why an appeal should be taken within thirty days after the secretary's order

---

[3] Failure to surrender a license in compliance with a suspension order is itself a separate violation of The Vehicle Code. See §624(4) of The Vehicle Code, 75 P.S. §624(4).

has been made. That order is final. The operator can do nothing more before the secretary to get the order changed or modified.[4] The secretary has taken his last action in regard to that order. Thus the order meets the requirements of a final and appealable order because it precludes the complaining party from further action before the agency making such decree. See *Myers v. Travelers Ins. Co.*, 353 Pa. 523, 46 A. 2d 224 (1946). In two well-reasoned opinions the Court of Common Pleas of Dauphin County decided that the secretary's order of suspension, no matter when the suspension was to become effective, was final and appealable *upon notification* to the licensee.[5] We agree with that conclusion and hold that the order of suspension at issue herein was appealable by the operator as soon as he received the notice sent to him on April 21, 1967 by the secretary.

Except in unusual cases, the provisions of appeal statutes are mandatory and binding. *Ifft v. Hunter*, 202 Pa. Superior Ct. 487, 198 A. 2d 436 (1964). Thus in a license suspension case any appeal must be filed within thirty days after notification of suspension has been received. However, the Commonwealth has argued in this case and in a number of cases before the trial courts[6] that the thirty day period does not begin to run until the suspension becomes effective. Apparently the secretary has been of that opinion for some time and may have communicated it to operators who

---

[4] It is not clear from the record whether the appellee had a hearing before the secretary. However, a suspension imposed under section 618(a)(2) for a misdemeanor such as driving during suspension may be imposed with or without a hearing. Since no mention of a hearing is made in the notice it is apparent that the order is final so far as the secretary is concerned.

[5] *Hymes License*, 32 Pa. D. & C. 2d 161 (1963) and *DiSanto License*, 42 Pa. D. & C. 2d 388 (1967).

[6] See *Hymes License* and *DiSanto License*, cited in note 5 supra, and *Confair License*, 44 Pa. D. & C. 2d 323 (1967).

for that reason have delayed their appeals. Therefore, we will not make this decision retroactive. We hold that any order of suspension made by the Secretary of Revenue after the date of this opinion must be appealed to the lower court within thirty days after notification of the order.

We do agree with the Commonwealth that the court below abused its discretion in reversing the action of the secretary. The court took into consideration an extenuating circumstance in connection with appellant's second suspension (one year beginning July 11, 1966). This second suspension was imposed for driving on November 30, 1965, the first day of his first suspension (15 days beginning November 30, 1965). The extenuating circumstance relied on by the lower court was the fact that appellee failed to note that his license had been suspended at 12:01 a.m. on November 30, 1965 and was not aware that he was driving during suspension on that date. Such a circumstance was not involved in the suspension before us, however. The two subsequent violations, which gave rise to the third and fourth suspensions, were committed during the period of the second suspension, when appellee admittedly knew his license was suspended. He, nonetheless, drove a business vehicle for reasons of financial necessity. If appellee had some ground on which to attack his second suspension, he should have taken an appeal from that suspension. He failed to appeal and served the full term of that suspension, and its legality cannot now be questioned. A fortiori, the merits of that suspension cannot now be raised in an appeal from a later suspension. Under these circumstances it was improper for the lower court to consider what might have been a mitigating circumstance of the second suspension, in setting aside the fourth.

Stripped of the circumstances connected with the prior suspension, the sole ground relied on by the court below to reverse the secretary was economic hardship. The hearing court may not reverse the secretary solely on the ground of economic hardship and where it does it constitutes an abuse of discretion. *Commonwealth v. Emerick,* 373 Pa. 388, 96 A. 2d 370 (1953); *Commonwealth v. Roher,* 373 Pa. 409, 96 A. 2d 382 (1953).

The order of the lower court is reversed and the order of the Secretary of Revenue is reinstated.