Commonwealth of Pennsylvania, Department of
Transportation, Bureau of Traffic Safety,
Appellant, *v.* Howard E. Shaffer,
Appellee.

Argued June 8, 1973, before Judges KRAMER, WIL-
KINSON, JR. and BLATT, sitting as a panel of three.

*Stuart A. Liner,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*E. Eugene Eves,* with him *Smith, Eves and Keller,* for appellee.

OPINION BY JUDGE KRAMER, August 3, 1973:

This is an appeal taken by the Commonwealth of Pennsylvania (Commonwealth) from an order, dated January 8, 1973, of the Court of Common Pleas of Columbia County wherein the court sustained the appeal of Howard E. Shaffer (Shaffer) from a suspension of his motor vehicle operator's license.

To facilitate an understanding of this Opinion, we set forth a short chronology of pertinent events:

1. On May 5, 1971, Shaffer was convicted of violating Section 1002(b)(4) of The Vehicle Code (Code), Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(b)(4), by exceeding the speed limit 20 miles per hour. For such violation, Section 619.1 of the Code imposes six points and a mandatory 15 day suspension.

2. On July 30, 1971, Shaffer was convicted of violating Section 1002(c) of the Code, by exceeding the speed limit on an interstate route by eleven miles per hour. For such violation, Section 619.1 of the Code imposes six points, but no mandatory suspension.

3. On September 17, 1971, Shaffer was notified to report to a driver improvement school, which he subsequently attended and satisfactorily completed. Under Section 619.1(f), on completion of the school, Shaffer was entitled to a credit of one point towards his accumulated points.

4. On or before October 15, 1971, the record indicates that the Bureau of Traffic Safety of the Common-

wealth was in receipt of the certification of the July 30, 1971 conviction.

5. On December 17, 1971, Shaffer's motor vehicle operating privileges were suspended for 15 days for the May 5, 1971 conviction. We note that the notice of suspension does not specifically relate to that first conviction by date, but the facts of speed involved in that first conviction make it obvious that the suspension was related to that first conviction.

6. On January 11, 1972, at the expiration of the 15-day suspension period, Shaffer's motor vehicle operator's license was restored to him by the Secretary.

7. On February 28, 1972, Shaffer was informed that the Bureau of Traffic Safety had received notification of the July 30, 1971[1] conviction and was notified that this violation included a six-point penalty, thereby making an accumulation of eleven points.

8. On March 21, 1972, Shaffer was notified that because of his total point accumulation of eleven points his motor vehicle operator's license was being suspended for 60 days under Section 619.1(i) and 619.1(k).

9. Shaffer requested and was given a departmental hearing, and on August 15, 1972, he was advised once again of his suspension for a period of 60 days due to an accumulation of eleven points.

Shaffer appealed to the court below on the basis that a suspension of his operator's license would cause him a great hardship and inconvenience inasmuch as he was a truck driver, and secondly, that the Bureau of Traffic Safety had improperly computed his points. The court below, in sustaining the appeal, held that in

---

[1] The record discloses that although the Commonwealth produced the "Conviction Report" of the first conviction, it did not produce such report of the second conviction. This failure to produce all of the records makes it difficult for courts and should not be condoned.

view of the facts that the July 30, 1971 conviction did not require a mandatory suspension, and Shaffer's motor vehicle operator's license had been restored prior to the notice of the suspension for the July 30, 1971 conviction, the Secretary was in error. Hence this appeal.

We must affirm the court below. Section 619.1(b) of the Code, 75 P.S. §619.1(b) states in pertinent part: "The secretary shall maintain a record of convictions of every person licensed under the provisions of section 601 of this act, and shall enter therein records of all convictions of such persons for any violation of the motor vehicle laws of this Commonwealth and shall assign to the record of such person *as of the date of conviction* of the offense, a number of points for each such conviction in accordance with the following schedule of convictions and points." (Emphasis added.) Section 619.1(m) of the Code, 75 P.S. §619.1(m), provides: "Upon the restoration of driving privileges of any person whose operator's license or learner's permit has been suspended pursuant to this act, such person's record shall show five (5) points and from the date, of restoration such points shall be removed from his record at the rate of two (2) each year, as provided in subsection (j)." In a similar case, *Department of Transportation v. Kaufman,* 3 Pa. Commonwealth Ct. 605, 284 A. 2d 838 (1971), we, in effect, held that the Secretary cannot ignore records of convictions in the files of the Bureau of Traffic Safety at the time he suspends a license, and that upon the restoration of one's motor vehicle operator's license, that person's record should show an accumulation of only five points, as provided by the above-quoted section of the Code. Admittedly, in *Kaufman,* the Secretary delayed the suspension for two years after the conviction. The length of the delay by the Secretary, however, is not alone the

point upon which such cases turn. The record in this case establishes that prior to the 15-day suspension issued by the Secretary, the Bureau of Traffic Safety had in its possession a record of the second (July 30, 1971) conviction. This second conviction did not call for a mandatory suspension under Section 619.1, but rather called for the application of six additional points. At that point in time the Secretary could have suspended Shaffer's motor vehicle operator's license for 60 days. When the Secretary suspended Shaffer's license for 15 days, and did nothing until months after the completion of that suspension and the restoration of his license, under the provisions of Section 619.1(m), five points were the most which could appear on Shaffer's motor vehicle operator's records. In passing, we note that the court below was also correct in denying Shaffer's appeal on the basis of hardship. *See Virnelson Motor Vehicle Operator's License Case,* 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968). Based upon the above discussion, we affirm the order of the court below.