Opinion by
Judge Blatt,
This is an appeal from an order of the Court of Common Pleas of York County sustaining Robert Wiley’s appeal from the action of the Secretary of Transportation (Secretary) in suspending Wiley’s driver’s license.
On August 3, 1972, Wiley was convicted of violating Section 1002(b) (9) of The Vehicle Code, Act of April 29, 1959, as amended, P.L. 58, 75 P.S. §1002 (b) (9) for speeding at 74 miles per hour in a sixty-mile per hour zone. The six points which he accumulated for this violation under Section 619.1(b), 75 P.S. §619.1 (b), when added to his already existing point total, brought his current point total in excess of eleven. The Secretary thereupon suspended Wiley’s license for sixty days pursuant to subsections 619.1 (i) and (k). Following this suspension Wiley’s license was restored on February 10, 1973 at which time his records showed five points assessed against him.
Wiley had also been convicted on August 2, 1972 of violating Section 1002(b).(4), 75 P.S. §1002 (b) (4) for speeding at 60 miles per hour in a 35 mile per hour zone. On August 27, 1973, therefore, the Secretary notified Wiley that his license would again, be suspended this time for a total of 120 days computed as a result of:
1) the mandatory 30 days under §619.1 (b) for exceeding the speed limit by 21 to 29 miles per hour, plus
*593 2) an additional 90 days under §619.1 (i) and (k) for accumulating eleven points a second time.
Wiley appealed this 120 day suspension to the Court of Common Pleas of York County which after a hearing reversed the Secretary. The Commonwealth presently appeals to this Court.
At the hearing before the lower court the Commonwealth’s attorney conceded that under our decision in Commonwealth v. Shaffer, 9 Pa. Commonwealth Ct. 516, 309 A.2d 62 (1973) the 90-day portion of the suspension was improper. We there held that the record of one whose license has been suspended must show five points upon restoration so that after restoration no points can be assessed for convictions prior to the date of restoration. This result was dictated by the requirement under §619.1 (b) that the Secretary assign points “as of the date of conviction of the offense” as well as the provision in §619.1 (m) that “ [u] pon the restoration of driving privileges of any person whose operator’s license or learner’s permit has been suspended pursuant to this act, such person’s record shall show five (5) points. . . .”
The Commonwealth has correctly recognized, therefore, that the Secretary could not, after the restoration of Wiley’s license on February 10, 1973, assign him points for a conviction which had occurred on August 2, 1972. The Commonwealth does maintain, however, that the mandatory 30-day suspension under §619.1 (b) for exceeding the speed limit by 21 to 29 miles per hour was proper. We agree. Our holding in Shaffer, supra, was compelled by the clear statutory language relating to the limits upon accumulation of points after restoration. The mandatory 30-day suspension under §619.1 (b) is in addition to the assessment of six points for the conviction and independent of whether or not the driver’s point total would otherwise necessitate suspension at that time. In Nyman Motor Vehicle Operator License Case, 218 Pa. Superior Ct. 221, 275 A.2d 836 (1971) the Superior Court, considering a factual situation very similar to that *594 here, affirmed the lower court’s setting aside of a 90-day suspension for accumulation of points relating to a conviction which occurred prior to restoration. At the same time, however, the Superior Court also reversed the lower court insofar as it had set aside the mandatory 60-day suspension arising out of the same conviction.[1]
We must arrive at the same result here.
The order of the lower court is, therefore, reversed and the 30-day suspension for conviction of the offense of exceeding the legal speed limit by 21 to 29 miles per hour is hereby reinstated.

. In Nyman, the driver was convicted of exceeding the speed limit by more than 30 miles per hour.