**Commonwealth v. Doherty**

*Edward A. Mihalik*, for Commonwealth.
*Sherman K. Levine*, for appellant.

LYON, J., September 16, 1975—This is an appeal from an order of the Secretary of Transportation suspending defendant's operator's license for a period of 105 days. On February 8, 1973, defendant was convicted of driving 19 miles per hour over the posted speed limit, in violation of section 1002(b)(6) of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 PS §1002(b)(6). Under section 619.1(b) of the code, this violation subjected defendant to an imposition of six points and a 15-day suspension.

On October 9, 1973, defendant was convicted of driving 15 miles per hour over the posted speed limit. Under section 619.1(b), this violation subjected defendant to an imposition of six points.

On December 18, 1973, the secretary ordered defendant's license suspended for a period of 60 days due to an accumulation of over 11 points, pursuant to section 619.1(i) and (k). The points for this suspension were calculated from two convictions during 1972 and the October 9, 1973, conviction.

The points and mandatory suspension for the February 8, 1973, conviction were not taken into account. Subsequently, defendant's license was restored and the number of points on defendant's record reduced to five.

Over six months later, the secretary ordered defendant's license suspended for 105 days resulting from the February 8, 1973, conviction. The suspension period was calculated as follows: 15 days mandatory suspension pursuant to section 619.1(b); and 90 days due to the accumulation of over 11 points (the five points on defendant's record plus six points resulting from the February 8, 1973, conviction). The suspensions were to run consecutively.

The record shows that this latter suspension notice was dated July 25, 1974. However, the Commonwealth introduced no evidence showing when this notice was mailed or when it was received by defendant. Defendant testified that he received the notice during the first week of August. Due to a misunderstanding of where his appeal had to be taken, defendant did not file his appeal before this court until August 30, 1974.

Section 620 of The Vehicle Code provides for the right of appeal within 30 days of an order of the secretary suspending a person's operator's license. The Commonwealth contends that this 30-day period begins to run from the date of the suspension notice and, in this case, since the appeal was not filed before August 25, 1974, the appeal period has expired. However, it appears clear that this 30-day period runs from the time the suspension notice is received by the licensee: Klitsch Motor Vehicle Operator License Case, 213 Pa. Superior Ct. 53, 245 A. 2d 688 (1968); Commonwealth v. Book, 24

Lawrence 84 (1972). See also, Commonwealth v. Balestrieri, 12 Pa. Commonwealth Ct. 137, 315 A. 2d 679 (1974); Ames v. Commonwealth, 12 Pa. Commonwealth Ct. 89, 315 A. 2d 638 (1974). The only evidence of record, indicating when defendant received the suspension notice came from defendant himself. Defendant testified that he received the suspension notice some time during the first week of August. The Commonwealth offered no evidence as to when the suspension notice was mailed or when it was received by defendant. Since the uncontroverted evidence indicates that the notice was received during early August, and the appeal filed on August 30th, the record shows the appeal to be timely filed.

The only question left to consider is the validity of the 105-day suspension. While the record does not indicate when the Bureau of Traffic Safety received notice of the February 8, 1973, conviction, it would appear evident that the bureau had received notice at the time the initial suspension was issued, over ten months after defendant's conviction. Thus, after defendant's license was restored, the maximum number of points which defendant's record could show was five: section 619.1(b) and (m). In Commonwealth v. Shaffer, 9 Pa. Commonwealth Ct. 516, 309 A. 2d 62 (1973), our Commonwealth Court ruled that where the Bureau of Traffic Safety had in its possession the record of a second conviction at the time that an operator's license is suspended for another violation, upon restoration of the license the maximum number of points which could appear on the person's record was five. Here, as in Shaffer, the secretary improperly credited the six points from the February 8, 1973, conviction after defendant's license had been restored.

Thus, the 90-day suspension for the accumulation of 11 points was improper.

However, the 15-day suspension for exceeding the speed limit by 19 miles per hour was proper. The Commonwealth Court recently considered a similar fact pattern in Commonwealth v. Wiley, 19 Pa. Commonwealth Ct. 589, 338 A. 2d 790 (1975). There, the court ruled that their holding in Commonwealth v. Shaffer, supra, was compelled by the clear statutory language of section 619.1(m) relating to point accumulation after restoration of an operator's license. However, the mandatory suspensions under section 619.1(b) are in addition to the points and independent of whether or not a driver's point total would otherwise necessitate a suspension. In accord: Nyman Motor Vehicle Operator Case, 218 Pa. Superior Ct. 221, 275 A. 2d 836 (1971). Thus, the 15-day mandatory suspension pursuant to section 619.1(b) was not rendered void by the Commonwealth's delay in acting on the information in their files.

## ORDER

Now, September 16, 1975, for the reasons stated in the foregoing opinion, it is ordered, adjudged and decreed that the appeal of Robert D. Doherty from the suspension of his operator's license be dismissed and the record is remanded to the Secretary of the Department of Transportation, Bureau of Traffic Safety, for imposition of a 15-day mandatory suspension consistent with this opinion. The appeal of appellant, Robert D. Doherty, is sustained in all other respects and the secretary is directed to restore all driving privileges of appellant at the conclusion of the mandatory 15-day suspension. All costs to be paid by the County of Lawrence.