## Commonwealth v. Udon

736

*Albert J. Dudash, Jr.*, for appellant.
*Edward A. Mihalik*, for Commonwealth.

KLEIN, *J.*, November 26, 1975—The matter before the court is the appeal of Paul Lester Udon from an order of the Secretary of Transportation, dated *July 8, 1975*, suspending his operating privileges for a total of 120 days: 30 days for a speeding offense (82 m.p.h. in a 55 m.p.h. zone) under The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §619.1(b) resulting from a conviction on March 13, 1974, and an additional 90 days for having accumulated 11 points for the second time, under the point system: 75 P.S. §619.1(i) and (k).

## FINDINGS OF FACT

1. Appellant is a citizen of the Commonwealth of Pennsylvania, resides at Midland Heights, Midland, Beaver County, Pa., and is 22 years of age, having been born on October 6, 1953.

2. Appellant is duly licensed to operate motor vehicles in the Commonwealth of Pennsylvania.

3. Appellant was in the military service during the period from July 22, 1973, to March 13, 1974, inclusive.

4. As a result of a conviction for speeding (17 miles over the limit) on August 2, 1973, appellant was assessed six points and had his privileges suspended for 15 days; and, upon successful completion of the school course prescribed for him, one point was deducted from his total. Restoration following the 15-day suspension occurred on June 25, 1974.

5. As a result of a conviction for speeding (13 miles over the limit) on *October 23, 1973*, appellant was once again assessed six points and had his operating privileges suspended for 60 days because he had accumulated 11 points on his driving record for the first time. The suspension period commenced on October 22, 1974, and appellant's privileges were restored on *December 21, 1974*. In addition, appellant was required to undergo a special examination as a result of said offense of October 23, 1974.

6. Upon said latter restoration, appellant's point accumulation was reduced to five points as required by subsection (m) of 75 P.S. §619.1.

7. As a result of a conviction for speeding (27 m.p.h. over the limit) on *March 13, 1974*, appellant was assessed six points and the herein suspensions were imposed on July 8, 1975, 30 days for speeding and 90 days for accumulating 11 points for the second time.

8. Each of the three speeding offenses occurred along the Pennsylvania Turnpike while appellant was en route home on leave or week-end pass from his military base.

9. Appellant is now employed as a local police officer and is no longer on active duty with the military service.

10. The suspension order based upon the conviction of August 2, 1973, was effective approximately

10 months thereafter; the order re the conviction of October 23, 1973, was effective approximately 12 months subsequent thereto; and the order of suspension based upon the conviction of March 13, 1974, was issued 15 months thereafter, and being more than six months subsequent to the second restoration, which occurred on December 21, 1974.

11. The secretary invoked the herein suspensions at his leisure, unduly delaying same as a result of inefficiency, and the delay being hurtful to appellant by reason of his new employment acquired during the period of administratively unnecessary delay.

## DISCUSSION

That the 90-day portion of the herein suspensions was improper, is no longer in doubt. See Bureau of Traffic Safety v. Wiley, 19 Pa. Commonwealth Ct. 589, 338 A. 2d 790 (1975). The restoration occurring on December 21, 1974, precludes the imposition of points for a conviction of March 13, 1974, under 75 P.S. §619.1(m).

The 30-day portion of the herein suspension presents a different question. We conclude that our decision instantly is controlled by the rationale of the holding of the court in the case of Department of Transportation v. Kaufman, 3 Pa. Commonwealth Ct. 605, 284 A. 2d 838 (1971).

In Kaufman, the court said:

". . . Here, however, the operator's complaint is not that he suffers hardship because he will have no license for 30 days or because the circumstances of his conviction were such as to merit leniency. Rather, his argument is, or should be, that the Secretary may not levy the suspension, though mandated by statute at a time of the Secretary's unfet-

tered choosing. While Virnelson and Romm, supra, hold that there is no discretion vested in the Secretary as to whether a license should be suspended under the pertinent provisions of Section 619.1, they do not hold that the Secretary may invoke the suspension at his leisure. The operator, as all citizens of the Commonwealth, may expect that the Secretary will administer Section 619.1 with reasonable efficency and without delay hurtful to persons subject to its provisions. Indeed, in Virnelson Judge Jacobs writes 'the lower court will merely determine whether there has been a compliance with Section 619.1' and in Romm that the appeal is limited, inter alia, to determining whether the Secretary 'properly . . . applied the mandatory provisions of Section 619.1.' We believe that the Secretary improperly applied the statute in this case. When the Secretary takes any action with regard to an operator's license whether of restoration, revocation or suspension, such action should reflect the whole of the relevant record then before the Secretary.

". . .

"Recognizing that the administration of the Code's licensing provisions is difficult, tedious and peculiarly susceptible to error, we are impelled, nevertheless, to agree with the court below that in the circumstances here presented Kaufman's license was not subject to further suspension in December of 1970. While the Legislature's requirement of suspension under Section 619.1(b) may not be set aside by the court on the ground of abuse of administrative discretion, the action of the Secretary in choosing the time when he will cause the statute to be invoked is subject to review by the court hearing the case de novo. Handwerk Automobile Case, 348 Pa. 263, 35 A. 2d 289 (1944)."

In this case, the order of suspension was made "only" 15 months after the conviction upon which it was based. However, during the interval, appellant's operating privileges were suspended not once but twice. One suspension was for 15 days and the second for 60 days over a period of approximately six months ending December 21, 1974, and more than nine months after the herein offense. The record reveals that he readily complied with said orders of suspension. It shows that he mailed his license promptly upon receipt of the notices and in advance of the effective dates of suspension. He also took a prescribed driver improvement course and underwent a special examination. We may also assume that he would have been hesitant about taking the police job when he did had he realized that his operating privileges would once again be suspended. The present suspension would indeed be hurtful due to the department's delay in imposing same, a delay which result from inefficiency.

We recognize, as did the court in the Kaufman case, that the administration of the code's licensing provisions is a difficult and enormous task. However, this is the computer age and it seems to us that when suspension or revocation is being considered, it should be a rather simple and not unduly expensive matter to obtain a *relatively up-to-date* printout of an operator's record so that the department may comply with the law, that is, "When the Secretary takes any action with regard to an operator's license whether of restoration, revocation or suspension, such action should reflect the whole of the relevant record then before the Secretary."

If the computer is not available for such a program, it seems to us that it is, nevertheless, incumbent upon the department to devise some system to minimize delays, recognizing that under no system will it be possible to act up-to-the-minute.

## CONCLUSIONS OF LAW

1. Appellant's point accumulation on December 21, 1974, and thereafter was five points and not 11 points.

2. The secretary is without authority to add points to appellant's record after December 21, 1974, based upon convictions prior to said date.

3. Appellant was not subject to a second suspension under subsection (k) and the consecutive suspension of 90 days was invalidly imposed.

4. The herein 30-day suspension is also invalid because the secretary improperly applied the mandatory provisions of section 619.1.

5. Said action was improper by reason of delay resulting from inefficiency hurtful to appellant in these circumstances.

## ORDER

And now, November 26, 1975, the appeal of Paul Lester Udon is sustained. The order of the secretary dated July 8, 1975, suspending appellant's operating privileges for consecutive periods of 30 and 90 days is hereby overruled.