## Commonwealth *v.* Kready, Jr.

Argued September 13, 1972, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Stuart A. Liner,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE KRAMER, February 2, 1973:

This is an appeal by the Pennsylvania Department of Transportation (DOT) from an order of the Court of Common Pleas of Lancaster County directing the Secretary of DOT to revoke his suspension of the motor vehicle privileges of B. Frank Kready, Jr. (Kready). This suspension was Kready's second on similar grounds. A third interim suspension of Kready's motor vehicle privileges arising out of another unappealed case is not involved in the case presently before this Court.

A short summary of the facts is necessary for an understanding of disposition of this case. On July 16, 1967, Kready was involved in an automobile accident in Lancaster County which ultimately resulted in the filing of a "confessed judgment" in the amount of $92.82 in the Court of Common Pleas of Lancaster County. The Prothonotary of that county forwarded a certification of judgment to the Secretary of DOT, who thereafter on February 28, 1968, mailed a notice of suspension of the motor vehicle privileges of Kready under the provisions of Section 1413 of The Vehicle

Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1413. This first suspension was to become effective March 11, 1968.

The second suspension came about as a result of an accident in which Kready was involved in Luzerne County on January 4, 1965, which culminated in a judgment being entered on the dockets of the Court of Common Pleas of Luzerne County in the amount of $427.25 on November 14, 1969. The Prothonotary of that county forwarded to the Secretary of DOT a certification of judgment, whereupon on March 24, 1970, the Secretary of DOT filed a second notice of suspension under Section 1413 of The Vehicle Code. A second notice of suspension was mailed March 24, 1970. Although there is nothing in the record as to the specific dates upon which Kready received notices of these two suspensions, the allegations of his petition admit receipt of same.

Another fact important to an understanding of this case is that on March 9, 1969, Kready was convicted in the Criminal Division of the Court of Common Pleas of Lancaster County for a violation of The Vehicle Code, to-wit, driving while under suspension. As a result of the certification of this conviction, the Secretary of DOT suspended Kready's license for a period of one year. *No appeal was taken from this suspension.*

The record also shows that Kready did not take an appeal from any of the subject actions until August 30, 1971, some 17 months after the last notification of suspension of his motor vehicle privileges by the Secretary of DOT. Seeking this appeal, Kready filed a *Petition for Special Allowance of Supersedeas* which the court below recognized, for all practical purposes, was an appeal from the suspension by the Secretary of DOT resulting from the filing of the two judgments.

It is also interesting to note that Kready, in his petition, with regard to the Luzerne County judgment, does not make an allegation that the judgment resulted from the filing of a confessed judgment, but rather questions the constitutionality of Section 1413 of The Vehicle Code and alleges that a liability insurance policy had been issued to him.

DOT filed a Motion to Quash on the basis (1) that there was no right to appeal from a "revocation," and (2) that if Kready had a right to appeal, his appeal was not timely filed.

The lower court, while recognizing that the appeals of Kready were not taken until 17 months after the second suspension, held that Section 620 of The Vehicle Code, 75 P.S. §620, is restricted to a hearing on the merits or facts of the case concerning whether or not there should be a suspension, and does not "cover a situation where there is an appeal to determine the legality and constitutionality of the action itself." The court then held that because of the holding in *Commonwealth v. Roeting* (C.C.P. Lancaster County Trust Book No. 42, page 102 (1972), which case was presently under appeal to this Court), the action of the Secretary of DOT violated the constitutional rights of Kready and, in effect, sustained Kready's appeal.

In this appeal, DOT contends that the lower court committed an error in not granting a Motion to Quash, and further, in finding the action of the Secretary illegal because of the unconstitutionality of such a suspension under Section 1413 of The Vehicle Code.

We must reverse the court below. Although Section 1413 of The Vehicle Code does not specifically provide for an appeal, we hold that Section 620 of The Vehicle Code specifically provides for the appeal procedure from a suspension of Kready's operator's license. Section 620 states: "Any person whose operator's li-

cense . . . has been suspended, or has been deprived of the privilege of applying for an operator's license . . . under the provisions of this act, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator . . . resides. . . ."

This Court held in the case of *Department of Transportation v. Hosek,* 3 Pa. Commonwealth Ct. 580, 284 A. 2d 524 (1971), that where The Vehicle Code is silent with respect to appeal, the constitutional amendment of 1968 found in Pa. Constitution, art. V, §9, grants a right of appeal to all citizens from an adjudication of an administrative agency. Consequently, the Legislature amended the Administrative Agency Law (Act of June 4, 1945, P. L. 1388, 71 P.S. §1710.1 at §47, 71 P.S. §1710.47), granting a right of appeal where applicable statutes were silent on questions of judicial review. *Hosek* further stated that by virtue of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, 17 P.S. §211.201 et seq., Section 620 of The Vehicle Code was applicable, wherein it is provided that any person aggrieved by such an adjudication has thirty days within which to take an appeal.

This Court, in the case of *Brown v. Department of Transportation,* 4 Pa. Commonwealth Ct. 308, 286 A. 2d 492 (1972), made it clear that one who desires to appeal from a suspension of his operator's license must appeal within the thirty-day period provided for in Section 620 of The Vehicle Code.

We hold, therefore, based upon the above analysis, that Kready had the right to take an appeal from the action of the Secretary of DOT suspending his license (due to the certification of the two judgments) within thirty days after each such suspension. Based upon the record in this case, Kready having waited seventeen months after the second suspension did not have a right

to appeal therefrom; and therefore, the court below committed an error of law and must be reversed.

Because of our holding herein, it is not necessary to pass upon the constitutionality of the suspension even though this Court of recent date in the case of *Commonwealth of Pennsylvania, Department of Transportation v. Roeting* (as not yet officially reported, but filed January 16, 1973) has ruled upon the issue. We think it important to note, however, that in the *Roeting* case, Roeting filed his appeal to the Court of Common Pleas within eleven days of the suspension of Roeting's operating motor vehicle privileges by the Secretary of DOT.

We, therefore,

### ORDER

AND Now, this 2nd day of February, 1973, based upon the discussion in the above opinion, the order of the Court of Common Pleas of Lancaster County, dated February 15, 1972, in the above noted matter, is reversed, and it is hereby ordered that the suspension of the motor vehicle privileges of B. Frank Kready, Jr. a/k/a Frank Kready, is hereby reinstated subject to all of the applicable provisions of the laws of this Commonwealth.