Paul Ames, Appellant, *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued January 10, 1974, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Theodore A. Schwartz,* with him *Casper & Muller, P. C.,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, February 15, 1974:

As the result of having been convicted of violating a speed restriction of The Vehicle Code,[1] the appellant, Paul Ames, was ordered by the Director of the Bureau of Traffic Safety of the Department of Transportation to attend driver improvement classes. Mr. Ames's wife informed the Department by telephone and letter that her husband would be unable to attend the scheduled classes because he had been "passing out" and was required to undergo brain tests. As a result of this information, the Department rescinded the requirement to attend driver improvement classes and directed Mr. Ames to submit the results of a general medical and a neurologic examination. The physician who made the general medical report stated his belief that Mr. Ames could be a safe and competent driver, but the neurolo-

---

[1] Act of April 29, 1959, P. L. 58, 75 P.S. §101 et seq.

gist reported that Mr. Ames was being treated for symptomatic epilepsy and that Mr. Ames's condition was such as to prevent his reasonable control of a motor vehicle.

By writings dated May 30, 1972 and received by Mr. Ames on June 1, 1972, the Department notified the appellant that (1) his license to operate a motor vehicle had been suspended effective July 4, 1972; (2) that he must return his current operator's card; and (3) that his suspension would be deferred if he should request a hearing before the effective date of the suspension. Mr. Ames requested a hearing before July 4, 1972 but failed to return his operator's card. The Department notified Mr. Ames by letter dated July 21, 1972 that it would afford him the requested hearing when he returned his "operator's license," noting this as departmental policy in cases of suspension for incompetency. Mr. Ames never returned his operator's card. Not until November 29, 1972, almost six months after suspension notice and more than four months after the receipt of the notice denying him a departmental hearing until the return of his operator's license, did the appellant file a petition for appeal nunc pro tunc in the Court of Common Pleas of Bucks County.

The court below sustained the Commonwealth's motion to quash the appeal as untimely. We affirm.

Section 620 of The Vehicle Code, 75 P.S. §620 gives any person whose operator's license has been suspended "the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter. . . ." This requirement, as are other statutes of limitation, is jurisdictional and the requirement that the appeal be timely taken is mandatory and binding. *Brown v. Department of Transportation*, 4 Pa. Commonwealth Ct. 308, 286 A. 2d 492 (1972). *See also Klitsch Motor Vehicle License Case*, 213 Pa. Superior Ct. 53, 245 A. 2d 688 (1968).

The appellant makes an interesting argument based on *Bell v. Burson,* 402 U.S. 535 (1971) and *Reese v. Kassab,* 334 F. Supp. 744 (W.D. Pa. 1971) that the Department's procedures denied him due process by effectively suspending his license without hearing. To consider such contentions in a case in which the courts have no jurisdiction would be supererogatory.

The appellant seems also to argue that the Department intended to "preclude" him from seeking judicial review by holding out the possibility of a departmental hearing, then denying it unless the operator's card were returned. By Section 620 of The Vehicle Code, 75 P.S. §620, the appeal must be taken within thirty (30) days from the suspension. The suspension was announced May 30, 1972 and the Department's position with respect to a hearing explained in writing on July 21, 1972. Whatever its legality, and we do not suggest any judgment on the matter, the Department's action was clearly that of suspension. Nothing in the circumstances could be the basis of the allowance of an appeal taken November 29, 1972.

Affirmed.