Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* Gordon J. Balestrieri, Appellee.

138

Argued February 7, 1974, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE WILKINSON, March 1, 1974:

Appellee was notified on March 29, 1972 by the Department of Transportation that his operating privileges were being revoked for a period of one year under Section 616(a) (4) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §616(a) (4) as a result of the receipt by the Department of a certification of conviction under The Drug, Device and Cosmetic Act. Act of December 26, 1961, P. L. 1664, 35 P.S. §780-1, et seq.

Appellee applied for a renewal of his operator's privileges and was notified by the Department on January 29, 1973 that his operator's privileges would not be renewed due to the prior revocation. On February 16, 1973, over 10 months after the revocation, appellee filed his Petition for Appeal in the court below.

On April 9, 1973 the Commonwealth filed a Motion to Quash this appeal on the grounds that it was not filed within the time mandated by Section 620 of The Vehicle Code, 75 P.S. §620, i.e., within 30 days. The record shows that the Notice of Revocation was placed in the mail on March 29, 1972 and there is no denial it was received. The reasons stated in the Petition for Appeal are that the appellee was not given a hearing before the revocation, that he was "never notified as to the exact reason for the license being withdrawn," and the legal conclusion that the withdrawal was illegal, unreasonable and an abuse of discretion.

A reading of the entire record discloses that appellee does not treat notices of legal actions of concern to him with the regard to which they are entitled. He did not appear on the first date fixed to hear this appeal in the court below, nor did he appear on the second date on which the hearing was held. He did not respond to the communications of his attorney at that time nor did he respond to his attorney when he notified him of this appeal. His attorney notified this Court that under the circumstances he could no longer represent him. Therefore, this Court notified him of the time fixed for argument in this Court, but he did not respond in any way nor did he appear.

The Commonwealth's Motion to Quash should have been granted by the court below. *See Brown v. Department of Transportation*, 4 Pa. Commonwealth Ct. 308, 286 A. 2d 492 (1972).

Accordingly, we enter the following

### ORDER

Now, March 1, 1974, the Order of the court below, dated July 3, 1973, is reversed and the Order of Revocation imposed by the Secretary of Transportation is reinstated. A reinstated revocation shall be issued by the Secretary of Transportation within 30 days.