Daniel E. Duggan, Commanding Officer, Scranton Army Ammunition Plant, and Chamberlain Manufacturing Corporation, Scranton Army Ammunition Plant, Appellants, *v.* Commonwealth of Pennsylvania, Environmental Hearing Board, Appellee, and Department of Environmental Resources, Intervening Appellee.

340

Argued March 6, 1974, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*James W. Walker,* Assistant U. S. Attorney, with him *S. John Cottone,* U. S. Attorney, for appellants.

No appearance for appellee.

*Barbara H. Brandon,* Assistant Attorney General, with her *Marvin A. Fein,* Chief Counsel, for intervening appellee.

Opinion by President Judge Bowman, June 12, 1974:

Appellants, Daniel E. Duggan, Commanding Officer, Scranton Army Ammunition Plant, and Chamberlain Manufacturing Corporation, filed an appeal in this Court from an adjudication of the Environmental Hearing Board (EHB) assessing against them, jointly and severally, civil penalties in an amount of $1,667,000.00. The Department of Environmental Resources was allowed to intervene as a party appellee, whereupon it filed a motion to quash the above appeal as untimely taken. Upon being advised of proceedings initiated in

the Federal Courts,[1] we ordered the motion to quash to be argued prior to argument on the merits and stayed all further proceedings in this Court pending disposition of certain motions then pending in the Federal action. To our knowledge these motions remain outstanding in the Federal action at this time.

The only issue before us at this time is intervening appellee's motion to quash. On July 31, 1973, the EHB issued the adjudication in question and so entered it on its docket from which adjudication the instant appeal was filed in this Court on September 5, 1973.

The Administrative Agency Law, Act of June 4, 1945, P. L. 1388, 71 P.S. §1710.41,[2] provides that appeals from administrative agencies must be taken within "thirty days after service of the adjudication." The appellants assert that service of the adjudication was made by mail and was received on August 6, 1973. Accordingly, they contend, under the provisions of the Administrative Agency Law, their appeal, filed on September 5, 1973, was timely filed.

Section 502 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, 17 P.S. §211.502 (Supp. 1973-1974), (ACJA), however, contains a provision that is inconsistent with the Administrative Agency Law. The ACJA provides that an appeal shall be filed within "thirty days of its entry." In the instant case the date of entry of the EHB adjudication was

---

[1] Shortly after filing the above appeal an action was filed in United States District Court for the Middle District of Pennsylvania (*United States of America v. Pennsylvania Environmental Hearing Board et al.*, Civil No. 73-454, action filed August 22, 1973) collaterally attacking the jurisdiction of the Environmental Hearing Board over a Federal officer and other matters.

[2] EHB adjudications are made subject to the provisions of the Administrative Agency Law by the Administrative Code of 1929, Act of April 9, 1929, P. L. 177, §1921-A, *as amended*, 71 P.S. §510-21 (Supp. 1973-1974).

July 31, 1973, and thus appellants' appeal was not timely filed under the provisions of the ACJA.

This Court recently resolved a similar conflict between the appeal provisions of the ACJA and those of the Public Utility Law, Act of May 28, 1937, P. L. 1053, *as amended*, 66 P.S. §1101 et seq. In *Purolator Courier Corp. v. P.U.C.*, 13 Pa. Commonwealth Ct. 444, 319 A. 2d 688 (1974), this Court held that the ACJA postdates the Public Utility Law, and that since there was a conflict between the ACJA and the Public Utility Law, the general repealer section of the ACJA became operative, and the inconsistent provisions of the Public Utility Law were repealed. The provisions of the ACJA were therefore controlling and appellants' appeal was untimely filed.

Following our decision in *Purolator, supra*, we conclude that appellants' appeal in the instant case was untimely filed. The ACJA and the Administrative Agency Law clearly contain conflicting provisions as to the event from which the thirty day appeal period is to be measured. Since the ACJA was enacted subsequent to conflicting provisions of the Administrative Agency Law, it is controlling, and the appeal must be quashed as untimely filed. The timeliness of an appeal and compliance with statutory provisions go to the jurisdiction of this Court. A failure to timely file an appeal deprives this Court of jurisdiction in absence of two exceptions not here pertinent. *See In Re: Annexation of a Portion of the Township of Franklin by the Borough of Delmont*, 2 Pa. Commonwealth Ct. 496, 276 A. 2d 549 (1971).

For the foregoing reasons, we enter the following

## ORDER

Now, June 12, 1974, intervening appellee's motion to quash the above appeal is hereby granted. The appeal is quashed as having been untimely taken.

DISSENTING OPINION BY JUDGE KRAMER:

I respectfully dissent, for the same reasons I filed my dissents in the case of *Commonwealth of Pennsylvania, Department of Revenue v. Niemeyer Oldsmobile, Inc.*, 12 Pa. Commonwealth Ct. 388, 394, 316 A. 2d 152, 155 (1974) and *Purolator Courier Corporation v. Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission*, 13 Pa. Commonwealth Ct. 444, 319 A. 2d 688, (1974).