Merle V. Zimmer and Elk Trails Associates, Appellants, v. Susquehanna County Planning Commission, Appellee, and James P. Walker, Frank Suraci, Milton Bainbridge, Frank Hemelright, Kieff R. Lockwood, Selwyn Schmitt, James Barrett, Ken Jones, John McCole, George L. Blickens, Earl Lowry, Thomas McBride, Enno Lahnemann, Sky Haven, Inc. and Paulus Berensohn, Intervening Appellees.

Argued April 1, 1974, before President Judge Bow-
man and Judges Crumlish, Jr., Kramer, Wilkinson,
Jr., Mencer, Rogers and Blatt.

*Holbrook M. Bunting, Jr.,* with him, of counsel,
*Trevaskis, Doyle, Currie, Nolan & Bunting,* for appel-
lants.

*John R. Morgan,* with him *Ulric J. McHale* and
*Hobbs, Morgan and DeWitt,* for appellee.

*Ernest Preate, Jr.,* with him *Levy, Preate & Purcell,*
for intervening appellees.

Opinion by President Judge Bowman, July 17,
1974:

This case turns upon a determination of the event
from which a landowner must compute the time within
which he may appeal from a decision of a zoning board
to a court of common pleas under the applicable statute.

Merle Zimmer, appellant, is the owner of a 200 acre
tract in Clifford Township, Susquehanna County, and
a general partner of Elk Trails Associates, developer

of said tract and co-appellant. Susquehanna County has adopted a Subdivision Regulation Ordinance (Ordinance), and a comprehensive plan, both of which affect the subject premises.

Appellants had prepared and recorded on December 7, 1971, a subdivision and land development plan for the subject premises. On March 15, 1972, appellee, Susquehanna County Planning Commission, advised appellants that the recorded plan might be subject to the provisions of the Ordinance. On May 5, 1972, appellants made application to the Planning Commission for review of its plan.

On June 6, 1972, the Planning Commission voted to disapprove appellants' application for review, and mailed notice of said decision to appellants on June 9, 1972, together with a list of reasons supporting its decision. Rather than appealing this decision, appellants sought further review of the application by supplying further information to appellee and requesting that further discussions be held. On September 26, 1972, the Planning Commission found no reason to reconsider its decision of June 6, 1972, and informed appellants of same by letter dated and *mailed* on October 16, 1972. The October 16 letter was *received* on October 18, 1972, by appellants.

Appellants treated the September 26 decision as a final adverse decision of the Planning Commission, and filed an appeal therefrom in the Court of Common Pleas of Susquehanna County on November 17, 1972. Preliminary objections were filed by appellee in the court below in the nature of a motion to dismiss for want of timeliness. The order of the court below sustaining the preliminary objections prompted this appeal.

Appellee advances two separate arguments that the appeal to the court below was untimely. First, appellee contends that the event from which appellants must

compute their appeal period is the date of *mailing* of the June 6 decision of the Planning Commission,[1] i.e., June 9, 1972. It therefore contends that the appeal was filed 130 days after July 10, 1972, the last day of the thirty day appeal period. Alternatively, appellee contends that, *arguendo*, if the September 26 decision of the Planning Commission was the appropriate appealable decision, then the event from which appellants must compute their appeal period is the date of *mailing* of the September 26 decision on October 16, 1972. It therefore contends that appellants filed their appeal two days after November 15, 1972, the last day of the thirty day appeal period. We need discuss only the second contention raised by appellee because it is dispositive of this appeal.

The applicable statute is Section 1006 of the Pennsylvania Municipalities Planning Code (Code), Act of June 1, 1972, P. L.    , No. 93, 53 P.S. §11006, *amending* the Act of July 31, 1968, P. L. 805,[2] which reads, in pertinent part: "(3) (a) Appeals to court may be taken by the landowner from any decision of the governing body or planning agency . . . by appeal filed within thirty days *after notice of the decision is issued* . . . ." (Emphasis added.)

There is no factual dispute in the instant case that the appeal was timely taken if measured from the date that notice of the decision of the Planning Commission was received by the appellants by mail, and untimely taken if measured from the date that notice of the de-

---

[1] Appellee contends that the June 6 decision of the Planning Commission is the appropriate appealable decision.

[2] Section 1006 of the amended Code replaced Section 1004 of the Act of July 31, 1968, P. L. 805, which provided in substantially similar language: "All zoning appeals shall be filed not later than thirty days *after issuance of notice of the decision* or report of the board." (Emphasis added.) Were we dealing with the first contention of the appellee, Section 1004 would be the applicable provision of statutory law for us to consider.

cision was sent from the Planning Commission to the appellants.

The language of Section 1006 of the Code requires that the event from which the time for appeal is to be measured is the date "notice of the decision is issued." "Issued" is not defined and, therefore, must be construed in light of legislative intent gleaned from the language employed in the statute and according to its common and approved usage. Popularly, the word "issued," being a derivative of the verb "to issue," has been defined as "put into circulation," "sent out," "discharged," "emitted." The Random House Dictionary of the English Language (College Edition), p. 710.

Understanding the common usage of the word "issued" to be "sent forth," "emitted," or "put into circulation," it would appear that the Legislature intended that the event from which the time for appeal is to be measured is the date that notice of the Planning Commission was sent forth or mailed to the appellants. Does the context of the Code allow the word "issued" to be properly interpreted as "received" or "delivered" rather than "sent out"? We think not.

In Articles IX (Zoning Hearing Board) and X (Appeal) of the Code, wherein zoning challenge procedure has been carefully laid out, the Legislature has chosen exact words to convey its intent. Had the Legislature intended to measure the appeal period from the event of "receipt" or "delivery" of the notice of the decision, as argued by appellants, it could have employed the language "after notice of the decision is *received*" or "*delivered*" in Section 1006, rather than the word "*issued*."

Article VIII of the Code, which was repealed by the revisions of 1972,[3] employed the word "receipt" when the Legislature was prescribing the event from which

---

[3] Article VIII of the Act of July 31, 1968, P. L. 805, was repealed by the Act of June 1, 1972, P. L.     , No. 93, §13.

a landowner's administrative and judicial appellate rights accrued under Section 802(2) of the 1968 Code,[4] and provided: "(2) Upon *receipt* of the decision [of the appropriate agency], the landowner may immediately pursue the administrative and judicial proceedings available to challenge the provisions found to be in conflict with his application. . . ." (Emphasis added.) Section 802(2) further allowed the landowner to serve the governing body with a copy of the decision and a notice of his intention to seek relief under then existing Section 1009(2); Section 802(2) then provided: ". . . If the landowner elects to serve such notice, the governing body shall have *sixty days from the receipt thereof* within which it may amend the challenged provisions of the ordinance or map. . . ." (Emphasis added.)

The Legislature was not unfamiliar with the term "receipt," its effect or meaning, as evidenced by its use in the 1968 Code. Nor was the Legislature unfamiliar with the term "delivery." Section 908(10) of the Code provides that after a hearing of the zoning hearing board and after a decision is made incident thereto: "(10) A copy of the final decision or, where no decision is called for, of the findings *shall be delivered to the applicant personally* or mailed to him not later than the day following its date. . . ." (Emphasis added.)

Neither of the provisions establishing time limitations for zoning appeals under the 1968 Code or under the 1972 revisions thereto have employed the word "receipt" or "delivery." Instead, the Code employs the word "issued" which means "sent out."

Accordingly, the appeal to the court below, not having been taken within thirty days of the date that notice of the decision of the Planning Commission issued from its office, was untimely.

Order affirmed.

---

[4] Section 802 of the Act of July 31, 1968, P. L. 805, is found at P. L. 837.

DISSENTING OPINION BY JUDGE KRAMER:

This is yet another dissenting opinion involving this Court's interpretation of the statutory time period within which a citizen may file an appeal. *See Commonwealth of Pennsylvania, Department of Revenue v. Niemeyer Oldsmobile, Inc.,* 12 Pa. Commonwealth Ct. 388, 394, 316 A. 2d 152, 155 (1974) (dissenting opinion).

I frankly state that I can find no fault with the logic of the majority opinion. I will not quibble over whether "put into circulation," or "sent out," or "discharged," or "emitted" could not also be interpreted to mean the date the adjudication was dated or published. Nor will I question the possibility of a regulatory agency using third class mail to further reduce the appeal period intended by the Legislature.

What I do challenge is the constitutionality of appeal periods determined by statutes which permit different appeal period times to run for different citizens in the same case or class of cases. As I have pointed out before, built into such statutory provisions, of which the statute before us is one, is the unequal treatment of citizens by government. Under such statutory provisions, the distance the citizen lives from the place of mailing and the U. S. Post Office, over which the state government has no power, controls the appeal period.

It is clear to me that the Legislature intends each party entitled to appeal to have a full 30 days. It does not intend one party to have 29 days because he lives one mailing day away, and another to have, say, 27 days because he lives three mailing days away. From my point of view, this clearly violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution.

A notice placed in the mail may never be received. Mail is sometimes lost. Can anyone argue if a party receives postal delayed mail on the 31st day after mail-

ing that the party has not been denied his constitutional right to appeal? See Pa. Const. art V, §9.

I would hold that the 30-day appeal period starts to run only after every party to the action has had thirty days to determine whether to appeal; and that is after "notice" becomes a matter of knowledge or receipt.

I would reverse the order of the court below, overrule the preliminary objections and remand the matter for further proceedings.