Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Emilie Thornton Forte.

Argued December 10, 1976, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Joseph I. Diamond,* for appellee.

OPINION BY JUDGE KRAMER, March 24, 1977:

This is an appeal by the Department of Transportation of the Commonwealth of Pennsylvania (Department) from an order of the Court of Common Pleas of Chester County, dated December 30, 1975, which reversed a motor vehicle license revocation order issued by the Secretary of the Department of Transportation and reinstated the operating privileges of Emilie Thornton Forte (Forte).

On November 2, 1973, Forte was arrested and charged with operating a motor vehicle while under the influence of an intoxicating liquor in violation of Section 1037 of The Vehicle Code[1] (Code). Because

---

[1] Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §1037.

she refused to submit to a breathalyzer test at the time of her arrest, her operating privileges were suspended by the Department on January 4, 1974 for six months pursuant to Section 624.1(a) of the Code, 75 P.S. §624.1(a).

On February 8, 1974, Forte pleaded guilty to the charge of violating Section 1037. The Clerk of Courts of Delaware County certified the record in the case to the Department on June 28, 1974. The Department acted upon the certification on December 3, 1974, when it issued the order revoking Forte's operating privileges, effective January 7, 1975, pursuant to Section 616(a)(1) of the Code, 75 P.S. §616(a)(1). Forte appealed the revocation order to the Court of Common Pleas of Chester County on January 29, 1975.

After a hearing, the court below sustained Forte's appeal on the ground that the Department's nearly five-month delay in acting upon the certification of her conviction did not comply with the directive in Section 616(a) that, upon receiving such certification, the "secretary shall forthwith revoke operating privileges."

Two issues are raised on the appeal: (1) whether Forte's appeal to the lower court was timely under Section 620 of the Code, 75 P.S. §620; and (2) whether the lower court was correct in holding the revocation order invalid under Section 616(a) due to the delay of five months between certification of conviction and issuance of the order. We will not reach the second issue, for we conclude that Forte's appeal to the lower court was not timely and, therefore, that court was without jurisdiction to reverse the Department's order.

In pertinent part, Section 620 provides:

Any person whose operator's license or learner's permit has been suspended, or who

has been deprived of the privilege of applying for an operator's license or learner's permit under the provisions of this act, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides. . . .

Although Section 620 does not expressly govern appeals from license revocations, it has been held to apply to such appeals. *Bureau of Traffic Safety v. Balestrieri*, 12 Pa. Commonwealth Ct. 137, 315 A.2d 679 (1974); *Department of Transportation v. Hosek*, 3 Pa. Commonwealth Ct. 580, 284 A.2d 524 (1971).

Although the issue was not raised before the court below, the timeliness of an appeal goes to the jurisdiction of an appellate court and its competency to act. *Commonwealth v. Bey*, 437 Pa. 134, 136, 262 A.2d 144, 145 (1970); *Commonwealth v. Yorktowne Paper Mills, Inc.*, 419 Pa. 363, 368, 214 A.2d 203, 205 (1965); *Duggan v. Environmental Hearing Board*, 13 Pa. Commonwealth Ct. 339, 342, 321 A.2d 392, 393 (1974). An objection to the lack of subject matter jurisdiction can never be waived; it may be raised at any stage of a case, even on the appellate level, by the parties or by a court on its own motion. *Commonwealth v. Little*, 455 Pa. 163, 314 A.2d 270 (1974); *Commonwealth v. Yorktowne Paper Mills, Inc., supra; Von Kaenel Unemployment Compensation Case*, 163 Pa. Superior Ct. 173, 60 A.2d 586 (1948). The issue of timeliness of Forte's appeal to the lower court is thus properly before this Court despite the fact that it was not raised until this appeal.

Resolution of this issue turns upon the question of what event triggers the running of the time for appeal under Section 620. The Department contends that the appeal time runs from the date that *notice* of the revocation order *is mailed* to the licensee.

Forte contends that the appeal time commences running upon the date the licensee *receives notice* of the revocation. Both positions find support among the lower court cases,[2] but no appellate court has been faced with precisely these contentions. *See Ames v. Bureau of Traffic Safety,* 12 Pa. Commonwealth Ct. 89, 315 A.2d 638 (1974); *Bureau of Traffic Safety v. Balestrieri, supra; Brown v. Department of Transportation,* 4 Pa. Commonwealth Ct. 308, 286 A.2d 492 (1972); *Klitsch Motor Vehicle License Case,* 213 Pa. Superior Ct. 53, 245 A.2d 688 (1968).

The opinion in *Klitsch, supra, apparently* held that receipt of notice triggered the running of the appeal time. However, that case involved only the contention that the appeal period ran from the date upon which a suspension became *effective.* We agree with the Superior Court's clear rejection of that contention. However, the court in *Klitsch* was not as clear as to precisely what the triggering event is as it was with regard to what it is not. At various points in the opinion, the court speaks of the triggering event as the making of the order,[3] the giving of notice,[4] and the receipt of notice.[5] Because of these inconsistencies, we consider the question to remain unresolved.[6]

---

[2] *Compare Commonwealth v. Wagner,* 60 D. & C. 2d 475 (1972) with *Confair License,* 44 D. & C. 2d 323 (1967).

[3] 213 Pa. Superior Ct. at 56, 245 A.2d at 690.

[4] *Id.* at 57, 245 A.2d at 690-91 ("upon notification to the licensee").

[5] *Id.* at 55, 57, 245 A.2d at 689-90, 691.

[6] It is to be noted that this case turns upon the timeliness of an appeal *to a common pleas court.* Thus, Section 502(a) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.502(a), is not controlling. That act governs only matters relating to the jurisdiction and powers of the Supreme, Superior, and Commonwealth Courts. Section 502(a) requires appeals to those Courts to be filed within 30 days of *entry* of the order appealed from. *See, e.g., Purolator Courier Corp. v. P.U.C.,* 13 Pa. Commonwealth Ct. 444, 319 A.2d 688 (1974).

Our reading of Section 620 discloses no evidence of any legislative intent to make the receipt of notice the event which triggers the running of the time for appeal. Had the Legislature, which is not unfamiliar with the term "receipt" or its legal effect, intended receipt of notice to be the triggering event, it would have so stated. *Zimmer v. Susquehanna County Planning Commission*, 14 Pa. Commonwealth Ct. 435, 322 A.2d 420 (1974). We conclude that the date upon which a revocation order is mailed [7] is the date upon which the appeal time commences to run.[8]

Because the revocation order in this case was mailed on December 3, 1974 and Forte did not appeal it to the court below until January 29, 1975, the ap-

---

[7] Section 618(h), 75 P.S. §618(h), requires the Department to "immediately notify" a licensee of a *suspension* order, so the date of mailing of a properly issued suspension order will coincide with the date the order is made. Because the Code contains no express right of appeal from *revocation* orders, *see Hosek, supra,* no comparable notice provision exists for such orders. To remedy the silence of the Code on appeal procedure from revocation orders, and to make such procedure as consistent as possible with appeals from suspension orders, we choose the mailing of the order, rather than its entry, as the event which triggers the running of the appeal period.

We note that the Provision for Judicial Review in the newly codified Vehicle Code, 75 Pa. C.S. §1550, effective July 1, 1977, expressly provides that the time for appeal from suspension, revocation, cancellation, and recall orders runs from the date notice of the order is mailed.

[8] In the past, this writer voiced constitutional objections to statutes providing for commencement of the running of the appeal time prior to the actual receipt of notice. *See Zimmer* at 441-42, 322 A.2d at 422-23; *Duggan v. Environmental Hearing Board, supra,* at 343, 321 A.2d at 394; *Purolator Courier Corp. v. P.U.C., supra,* at 450-51, 319 A.2d at 691-92; *Department of Revenue v. Niemeyer Oldsmobile, Inc.,* 12 Pa. Commonwealth Ct. 388, 394-99, 316 A.2d 152, 155-58 (1974). Although I continue to have reservations on the subject, I will accept the majority's view that such statutes are constitutionally valid.

peal was 27 days late. We must reverse the order of the court below and reinstate the Department's revocation of Forte's operating privileges.

### ORDER

AND Now, this 24th day of March, 1977, the order of the Court of Common Pleas of Chester County, dated December 30, 1975, in the above-captioned matter is hereby reversed, and the order of the Department of Transportation revoking the operating privileges of Emilie Thornton Forte is hereby reinstated.