## Commonwealth of Pennsylvania *v.* Francis Klinedinst, Appellant.

Submitted on briefs February 3, 1978, to Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Allen H. Smith,* for appellant.

*John L. Heaton,* Assistant Attorney General, *Harold H. Cramer,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge Mencer, March 1, 1978:

Francis Klinedinst (Klinedinst) has appealed to this Court from an order of the Court of Common Pleas of York County, dated January 6, 1977, which dismissed his appeal from a motor vehicle license revocation order issued by the Director of the Bureau of Traffic Safety of the Department of Transportation (Department).

On September 28, 1973, Klinedinst was arrested and charged with a failure to stop and reveal his identity at the scene of an accident, in violation of Section 1027(b) of The Vehicle Code[1] (Code). On April 25, 1975, Klinedinst was convicted in the Court of Common Pleas of York County of the charge of violating Section 1027(b). The Clerk of Courts of York County certified the conviction to the Department, and, on October 22, 1975, the withdrawal order revoking Klinedinst's operating privileges was issued. The revocation, effective November 26, 1975, was issued pursuant to Section 616(a)(3) of the Code, *formerly* 75 P.S. §616(a)(3). Klinedinst appealed the revocation order to the Court of Common Pleas of York County on November 25, 1975. On January 6, 1977, the trial court dismissed Klinedinst's appeal from the revocation order.

Two issues are raised on this appeal: (1) The Commonwealth questions whether Klinedinst's appeal to the Court of Common Pleas of York County was timely under Section 620 of the Code, *formerly* 75 P.S. §620, and (2) Klinedinst questions whether the Court of Common Pleas of York County was correct in concluding that revocation was mandatory for a Section 1027(b) violation. We will not reach the second issue, for we conclude that Klinedinst's appeal to the trial

---

[1] Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §1027(b), repealed by the Act of June 17, 1976, P.L. 162.

court was not timely and, therefore, that court was without jurisdiction to pass upon the merits of the appeal.

In pertinent part, Section 620 provided:

Any person whose operator's license or learner's permit has been suspended, or who has been deprived of the privilege of applying for an operator's license or learner's permit under the provisions of this act, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides. . . .

Although Section 620 did not expressly govern appeals from license revocations, it has been held to apply to such appeals. *Bureau of Traffic Safety v. Balestrieri,* 12 Pa. Commonwealth Ct. 137, 315 A.2d 679 (1974); *Department of Transportation v. Hosek,* 3 Pa. Commonwealth Ct. 580, 284 A.2d 524 (1971).

Although the issue was not raised before the court below, the timeliness of an appeal goes to the jurisdiction of an appellate court and its competency to act. *Commonwealth v. Bey,* 437 Pa. 134, 136, 262 A. 2d 144, 145 (1970); *Commonwealth v. Yorktowne Paper Mills, Inc.,* 419 Pa. 363, 368, 214 A.2d 203, 205 (1965); *Duggan v. Environmental Hearing Board,* 13 Pa. Commonwealth Ct. 339, 342, 321 A.2d 392, 393 (1974). An objection to the lack of subject matter jurisdiction can never be waived; it may be raised at any stage of a case, even on the appellate level, by the parties or by a court on its own motion. *Commonwealth v. Little,* 455 Pa. 163, 314 A.2d 270 (1974); *Commonwealth v. Yorktowne Paper Mills, Inc., supra; Von Kaenel Unemployment Compensation Case,* 163 Pa. Superior Ct. 173, 60 A.2d 586 (1948). The issue of timeliness of Klinedinst's appeal to the lower court

is thus properly before this Court despite the fact that it was not raised until this appeal.

In *Commonwealth v. Forte*, 29 Pa. Commonwealth Ct. 415, 371 A.2d 526 (1977), we held that the appeal time runs from the date that notice of the revocation order is mailed to the licensee.[2] Since the revocation order in this case was mailed on October 22, 1975 and Klinedinst did not appeal to the Court of Common Pleas of York County until November 25, 1975, his appeal was 4 days beyond the time limit provided for filing such appeals.

Accordingly, we make the following

ORDER

AND Now, this 1st day of March, 1978, the appeal of Francis Klinedinst is dismissed, and the January 6, 1977 order of the Court of Common Pleas of York County, for the reasons stated in the above opinion, is hereby affirmed.

---

[2] The Vehicle Code, 75 Pa. C.S. §1550(a), effective July 1, 1977, expressly provides that the time for appeal from suspension, revocation, cancellation, and recall orders runs from the date notice of the order is mailed.