Margaret E. Kline, Appellant *v.* Joseph Mullins, Donald C. Raub and Eugene A. Wieand, Trustees of the Municipal Police Pension Fund of the Township of Whitehall, Appellees.

Robert P. Heffelfinger, Appellant *v.* Joseph Mullins, Donald C. Raub and Eugene A. Wieand, Trustees of the Municipal Police Pension Fund of the Township of Whitehall, Appellees.

164

Argued April 4, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*Robert Long,* with him *William H. Eckensberger, Jr.,* and *Buss & Eckensberger,* for appellants.

*Harry A. Kitey,* for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, August 9, 1978:

These consolidated appeals have been brought by appellants, Margaret E. Kline and Robert P. Heffelfinger, from a denial by the Lehigh County Court of Common Pleas of their asserted entitlement to "severance benefit" payments purportedly available to them under the municipal pension fund of Whitehall Township (Township).

The appellant at No. 199 C.D. 1977, Margaret E. Kline, is the widow of a deceased Township policeman who died in 1965 while still on active duty in the Township's police force, and who had been, since 1958, a member of the Police Pension Fund.

The appellant at No. 200 C.D. 1977, Robert P. Heffelfinger, is a retired Township police officer, who, upon retirement, was also a member of the Police Pension Fund.

Both claims are premised upon subsection D of Section IX of the Township's Police Pension Ordinance; which section addresses specifically the role of severance benefits in Whitehall's overall Pension Plan:

D. *Severance Benefits.* A severance benefit, equal to the total of a member's contributions as provided in Section XI, plus an amount equal to five (5%) percent of his compensation at the time of his severance multiplied by the number of years of his employment to a maximum of twenty (20) years, shall be payable to a severed member, or to his beneficiary under the pro-

visions of Section IX, C., upon his termination of employment for any reason whatsoever.

It is the contention of appellants that death and retirement fall within the meaning of severance "for any reason whatsoever." Though closely related, if not identical, legal issues are presented by the two appeals, for reasons which will become apparent we shall consider each appeal separately.

Heffelfinger originally filed a complaint in equity seeking an order compelling payment of severance benefits. By stipulation of parties and order of court, the action proceeded as one in assumpsit rather than equity, and eventually was decided by the trial court in disposing of preliminary objections in the nature of a demurrer. By order of court dated March 2, 1976, the demurrer was sustained and judgment entered in favor of the appellees.

Heffelfinger filed exceptions to this order, whereupon the lower court, now sitting *en banc,* held that the March 2, 1976 order was a final order from which a timely appeal should have been prosecuted, and dismissed the exceptions.

*Kline v. Mullins* and *Heffelfinger v. Mullins,* have proceeded as companion cases from their inception. The lower court's opinion supporting its order sustaining the preliminary objections to Heffelfinger's complaint makes specific reference to *Kline* and the reasoning contained therein. The trial court's disposition of *Kline* stipulated that "if no exceptions are filed [hereto] within twenty (20) days after notice of filing has been given to counsel for the parties, judgment may be entered for the defendants."

It is appellant's contention that because the filing of exceptions presented the possibility that the Court of Common Pleas of Lehigh County could have reversed its decision in *Kline,* the order in *Heffelfinger*

could not constitute a final order due to its reliance on *Kline*.

We cannot subscribe to this point of view. A multitude of cases cross-refer to similar treatment of similar issues. An appeal in one of these cases does not operate as an appeal in the others, as appellant would have us believe, nor does the possibility of reversal in one necessarily suspend the finality (and appealability) of another. When preliminary objections are sustained, with no leave to amend the complaint, judgment is entered in favor of the defendant; this is a final appealable order, *Feingold v. Bell of Pennsylvania*, 477 Pa. 1, 4 n.1, 383 A.2d 791, 792 n.1 (1977); *Hudock v. Donegal Mutual Insurance Co.*, 438 Pa. 272, 264 A.2d 668 (1970); *Jones v. Nissenbaum, Rudolph & Seidner*, 244 Pa. Superior Ct. 377, 368 A.2d 770 (1976), subject to waiver should applicable time limitations not be met. The appeal at No. 200 C.D. 1977 must, therefore, be quashed as untimely.[1]

Our inquiry, then, is limited to the issue of whether a widow is entitled to severance benefits upon the death of her husband, a police officer in the employ of the Township at the time of his death.

The present Police Pension Fund was established in Whitehall Township by Ordinance No. 615 on December 9, 1957. Section XIII thereof provides that

> [a]ny member of the police force of the Township, who for any reason whatsoever, shall be ineligible to receive a pension, disability or death benefit after having contributed any

---

[1] Although appellees in No. 200 C.D. 1977 did not file a motion to quash the appeal as untimely taken, they did raise it in their brief and argue the question. Being one of jurisdiction, it is properly raised at anytime. *See Department of Transportation, Bureau of Traffic Safety v. Forte*, 29 Pa. Commonwealth Ct. 415, 418, 371 A.2d 526, 527 (1977).

charges to the police pension fund . . . shall be entitled to a refund . . . immediately upon discontinuance of his employment with the police force.

In 1963, Ordinance No. 615 was amended. Included in these amendments was subsection D of Section IX, cited above, which addressed specifically distribution of severance benefits. By the express terms of the 1963 amendments "Ordinance No. 615 and these amendments shall be interpreted together to the extent that it is practical to do so."

Reading Section XIII of Ordinance No. 615 together with Section IX(D), it is reasonable to conclude that severance benefits created by Section IX(D) are just the sort of refund envisaged by Section XIII. Entitlement to such benefits is, therefore, dependent upon two factors: (1) severed status; (2) ineligibility for any other pension or benefit. Facts stipulated by the parties reveal that Margaret Kline has received both a lump sum death benefit and monthly pension payments pursuant to Pension Ordinance No. 615, as amended. As Margaret Kline is indeed receiving pension benefits, we believe this disqualifies her application for severance benefits.

This interpretation comports with the enabling legislation vesting power in municipalities to establish a police pension fund. Section 9 of the Act of May 29, 1956, P.L. (1955) 1804, *as amended*, 53 P.S. §775, allows that "[a]ny member of a police force . . . who for any reason whatsoever, shall be ineligible to receive a pension after having contributed [thereto] . . . shall be entitled to a refund of all such moneys paid by him into such funds plus all interest earned. . . ."

Eligibility for refund of contributions and interest would appear, therefore, by the terms of the enabling legislation, to be dependent upon an applicant's ineli-

gibility to receive pension benefits. As the lower court correctly stated the rule, a municipality has no power to enact ordinances except as the legislature specifically authorizes, and any ordinance not in conformity with its enabling statute is void. *Taylor v. Abernathy,* 422 Pa. 629, 222 A.2d 863 (1966) ; *Genkinger v. New Castle,* 368 Pa. 547, 84 A.2d 303 (1951).

"A statute (or ordinance) should, when possible, be construed to give effect to all of its provisions. . . ." *Crary Home v. DeFrees,* 16 Pa. Commonwealth Ct. 181, 185, 329 A.2d 874, 876 (1974). We must presume that the township intended to comply with Section 9 of the Act by making payment of severance benefits dependent upon an applicant's ineligibility for pension benefits. As a reasonable interpretation of the wording of Sections IX(D) and XIII of the Township's Police Pension Ordinance supports this presumption, we will affirm the order of the lower court entering judgment in favor of the defendants.

ORDER

Now, August 9, 1978, the appeal of Robert P. Heffelfinger at No. 200 C.D. 1977 is quashed. The order of the lower court at No. 199 C.D. 1977 is affirmed.

