In Re: John S. Turney. John S. Turney, Appellant.

Argued June 8, 1979, before Judges Wilkinson, Jr., Mencer and Rogers, sitting as a panel of three.

*Edward S. Lawhorne*, with him *Lawhorne, Muller & Del Sordo*, for appellant.

*Harold H. Cramer*, Assistant Attorney General, with him *Bradley L. Mallory*, Assistant Attorney Gen-

eral, *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, July 19, 1979:

John S. Turney has appealed from an order of the Court of Common Pleas of Delaware County quashing his appeal from an order of the Bureau of Traffic Safety, Department of Transportation withdrawing his motor vehicle privileges until such time as he successfully completed a physical examination.

On January 27, 1977 the Department of Transportation sent Turney a Physical Examination Certificate to be completed by his physician. Turney completed the form himself and returned it. On March 2, 1977 the Department sent Turney a second certificate, advising him that if he did not have the certificate completed properly, that is, by his physician, his driving privileges would be suspended. He again returned the certificate completed by himself, not by a physician. On March 28, 1977 he was officially notified of the withdrawal of his driving privileges. A second notice, which is in the record, was sent by certified mail on May 11, 1977, and received May 13, 1977, notifying Turney that his license had been suspended effective May 2, 1977 and that he must return his operator's card. In a box appearing prominently on the face of this notice appeared the following:

> You have the right of Appeal to the Court of Common Pleas of the County wherein you reside within thirty (30) days of receipt of this notice. Notice to this Department of timely Appeal will stay the action herein set forth pending final outcome of the Appeal.

Turney drew a circle around the block, printed the word "yes" just outside the circle, and returned the notice to the Department. No appeal to the Court of

Common Pleas was taken, however, until September 9, 1977, four months after the second notice was received by Turney.

Judge CLEMENT J. McGOVERN, JR. cogently wrote the following in support of his order quashing the appeal as untimely:

> Section 620 of [T]he Vehicle Code [Act of April 29, 1959, P.L. 58, as amended, 75 P.S. §620], specifically provides appellate procedures from suspension of one's operating privileges. It requires the filing of a petition within thirty days after suspension in the Court of Common Pleas of the county in which the operator resides. Our Commonwealth Court in Brown v. Department of Transportation, 4 Pa. Comm. 308, 286 A.2d 493 (1973) held that a Court of Common Pleas was without authority to extend, as an act of mere indulgence, the time for taking an appeal from the suspension of an automobile operator's license beyond the statutory 30-day period. This requirement, being jurisdictional, is mandatory and binding as are other statutes of limitations. Ames v. Department of Transportation, 12 Pa. Com. 89, 315 A.2d 638 (1974). This holding has been upheld even when the constitutionality of a particular section of the Vehicle Code is in question. Commonwealth, Dept. of Tr., Bur. of T.S. v. Kready, 7 Pa. Com. 448, 300 A.2d 291 (1973). In light of these authorities, we have no alternative but to grant the Commonwealth's Motion to Quash.

Turney's contentions here: (1) that he actually filed an appeal in the Court of Common Pleas by circling the box on the notice, printing "yes" beside it, and returning it to the Department of Transportation; and (2) that the information in the box mislead

him to believe that all that was required to effect an appeal to the Court of Common Pleas was that he notify the Department of Transportation that he de-sired to appeal by circling the box, printing "yes" beside it and returning it to the Department—are plainly without merit.

Order affirmed.

### ORDER

AND Now, this 19th day of July, 1979, the order of the Court of Common Pleas of Delaware County made September 11, 1977 is affirmed.