And now, November 5, 1980, in accordance with the adjudication filed this date, it is hereby ordered, adjudicated, and decreed that defendant:

1. Remove the grave monument she placed on the cemetery lot of Hazel A. Pulaski.

2. Return the grave monument erected upon the said site by plaintiff to its original placement.

3. Refrain from further disturbing plaintiff's monument in the future.

The prothonotary shall enter this decree nisi and give notice to the parties or their counsel. If no exceptions are filed within ten days, the decree, upon praecipe, shall be entered by the prothonotary as a final decree.

## Grimes v. Hughestown Borough Board of Adjustment

*Neil L. Conway,* for appellant.
*Thomas A. O'Connor,* for homeowners.
*Michael Butera,* for borough.

BROMINSKI, *P.J.,* December 17, 1980—Leonard and Francine Sperrazza made application to the Board of Adjustment of Hughestown Borough, also called the Hughestown Borough Zoning Hearing Board, hereafter referred to as the board, for a variance in order to install an in-ground swimming pool upon their premises.

Following the board's decision, appeals were filed to this court by the Sperrazzas (no. 10722 of 1979) and by Dennis and Barbara Grimes, Norman and Mary Frederick, Carmine and Esther Pizzano, Guy and Jeanne Sviatko, and Jerome and Evelyn Hannon, hereinafter collectively referred to as the protestants (no. 9736 of 1979).

By decision and order dated June 12, 1980 the matter was remanded to the board for further hearing.

On July 9, 1980 the board conducted a hearing and by written notice dated August 1, 1980 stated the following:

"Based upon the testimony presented at the hearing to consider the applicant's request, the Hughestown Zoning Hearing Board has made the following decisions:

1. Mr. Sperrazza's request for a variance of 10′ (ten feet) is granted. Installation of the pool may be completed in accordance with current zoning regulations with the amendment of this variance.

2. The wall constructed by Mr. Sperrazza surrounding his property is in conformation with the zoning regulations. Therefore, this wall may be completed and need not be dismantled."

The protestants filed the present appeal on September 12, 1980. The Sperrazzas have intervened and filed a motion to dismiss the protestants' appeal contending that it is untimely. No additional testimony has been taken by the court and, therefore, the sole issue to be decided upon the record before us is whether said appeal was timely.

The intervenors contend that it is untimely because it was taken more than 30 days after August 1, 1980, claiming that this is the date when it was issued and citing Zimmer v. Susquehanna County Planning Commission, 14 Pa. Commonwealth Ct. 435, 322 A. 2d 420 (1974); Hughes v. Zoning and Hearing Board of Wilkes-Barre, 65 Luz. L.J. 123 (1975); and Hannon v. Zoning Board of the City of Wilkes-Barre, 66 Luz. L.J. 232 (1976), in support of their position.

None of these cases is controlling here. In the first place those appeals were by applicants, all of whom sought approval regarding use of their properties. Secondly, all of these cases construed the word "issued" as meaning "sent out," "discharged," "emitted," "put into circulation" and, most clearly "mailed." However, simply because the date August 1, 1980 appears on the board's notice, this does not establish that that particular date was the one on which the notice, in fact, was

mailed. In this regard, there is no indication in the record as to when the notice was mailed or otherwise issued to the protestants. The only light which has been shed on this aspect of the matter is the affidavit of Joseph F. Flanagan, Esq., counsel for the protestants, wherein he states with regard to the notice that: ". . . on August 15, 1980, I received in my mail delivery for that day an unsigned letter dated August 1, 1980 . . ." and that: ". . . I did inquire of my clients whether they or any of them received a copy of this letter and have been informed that no such writing was ever received by any of them."

Even more important than the foregoing, however, the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, as amended, 53 P.S. § 10908(10), provides as follows:

"A copy of the final decision or, where no decision is called for, of the findings shall be delivered to the applicant personally or mailed to him not later than the day following its date. *To all other persons who have filed their name and address with the board not later than the last day of the hearing, the board shall provide by mail or otherwise, brief notice of the decision or findings and a statement of the place at which the full decision or findings may be examined.*" (Emphasis supplied.)

Obviously, the "other persons" referred to in the foregoing include protestants, all of whom appeared before the board with their counsel. Where the record does not show that the protestants received notice of a decision of the board as required by the above-quoted section, an appeal filed more than 30 days after the decision may not be quashed as untimely: Clemens v. Upper Gwynedd Township Zoning Hearing Board, 3 Pa. Commonwealth Ct.

71, 281 A. 2d 93 (1971). If he wishes protection, the successful applicant should make certain that notice is given to any opposing parties: Ryan, Pennsylvania Zoning Law and Practice §9.4.29. There is no indication in the present record that the protestants' appeal was untimely.

Accordingly, the following is entered

## ORDER

It is hereby ordered, adjudged and decreed that the motion of the Intervenors to dismiss the appellants' appeal is denied and dismissed.