418 A.2d 445

**Benjamin IZENSON, Appellee,**

**v.**

**Irwin IZENSON and Specialty Luggage Co., Inc., Appellants.**

Superior Court of Pennsylvania.

Argued June 18, 1979.

Filed Jan. 11, 1980.

Judith L. Maute, Pittsburgh, for appellants.

William J. Murray, Pittsburgh, for appellee.

Before HESTER, HOFFMAN, and CATANIA, JJ.*

PER CURIAM:

Appellants contend that the lower court erred in issuing a preliminary injunction and a permanent injunction. We cannot reach the merits, however, because appellants failed to appeal the lower court's order granting a permanent injunction. For the reasons which follow, we must dismiss this appeal.

---

* President Judge FRANCIS J. CATANIA of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

On January 29, 1979, appellee filed a complaint in equity against appellants, seeking a preliminary injunction. On April 17, 1979, following hearings, the lower court granted a preliminary injunction enjoining appellants from wrongfully interfering with appellee's rights as an officer, director, and shareholder of the appellant corporation; ordering appellant Irwin Izenson to transfer 75 shares of the corporation's stock to appellee; vacating a special meeting of the corporation's directors and stockholders; ordering that appellants provide appellee access to the corporation's place of business; and requiring appellee to post bond in the amount of $10,000.00. On April 20, 1979, appellants filed this appeal. On April 27, 1979, pursuant to the parties' prior stipulation, the lower court granted a permanent injunction, incorporating all the terms of the preliminary injunction with the exception of the bond requirement. Appellants have not appealed the order granting the permanent injunction.

Where a preliminary injunction is in force, the issuance of a permanent injunction terminates the preliminary injunction. *See* 43A C.J.S. Injunctions § 243 b, at 537 (1978). Thus, we cannot reach appellant's contention that the preliminary injunction was improperly issued because that injunction is no longer in effect.[1] In addition, the issue of whether the lower court erred in granting the permanent injunction is not before us because appellants have not appealed that order. *See* Pa.R.A.P. 903; *Duggan v. Environmental Hearing Board*, 13 Pa.Cmwlth. 339, 342, 321 A.2d 392, 393 (1974). Accordingly, we must dismiss this appeal.

Appeal dismissed.

1. In their brief, appellants question the propriety of the lower court's issuance of a permanent injunction after notice of appeal from the order granting a preliminary injunction had been filed. Rule 1701(a) of the Pennsylvania Rules of Appellate Procedure provides: "Except as otherwise prescribed by these rules, after an appeal is taken . ., the lower court . . . may no longer proceed further in the matter." Pa.R.A.P. 311(e) provides: "Rule 1701(a) . . . shall not be applicable to a matter in which an interlocutory order is appealed under [Pa.R.A.P. 311(a)(4) (appeal from injunctions)]." Accordingly, the lower court did not err in proceeding after the notice of appeal was filed.