J-S19033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PA ENERGY VISION LLC D/B/A HENRY STREET | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| SOUTH AVIS REALTY, INC. | : : | |
| Appellant | : : | No. 1105 MDA 2016 |

Appeal from the Order Entered June 6, 2016
In the Court of Common Pleas of Clinton County
Civil Division at No(s):  1364-12

BEFORE:   GANTMAN, P.J., BENDER, P.J.E. and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MAY 12, 2017**

This matter returns to us after remand and relinquishment of jurisdiction in **_PA Energy Vision, LLC v. South Avis Realty, Inc._**, 120 A.3d 1008 (Pa.Super. 2015) ("**_PA Energy I_**").  Specifically, Appellant, South Avis Realty, Inc. ("South Avis"), appeals from the post-remand Order of June 6, 2016, denying its oral motion that Appellee, PA Energy Vision LLC D/B/A Henry Street ("Henry Street"), reimburse it the $14,470.00 it paid pursuant to a preliminary injunction requiring each party to pay half the costs associated with restoring a railroad crossing.  Relying on this Court's holding in **_PA Energy I_** that a subsequent permanent injunction terminated,

_____

[*] Former Justice specially assigned to the Superior Court.

and thereby nullified, the preliminary injunction, the lower court found that no further issues could arise from the preliminary injunction. We affirm.[1]

Our decision in *PA Energy I* provides an apt summary of the underlying procedural and factual history such that we do not include a full recitation of the facts herein. Suffice it to say that South Avis owns a former Conrail railroad line constituting a 30-foot-wide right-of-way passing through a 26-acre parcel of land owned by Henry Street. In 2012, South Avis removed and replaced 115 feet of damaged railroad line to promote safe train travel. Also removed in the process was a railroad crossing providing access to Henry Street's property and which Henry Street's predecessor in interest regularly used to move heavy equipment across the tracks.

---

[1] On December 7, 2016, Henry Street filed a motion to quash the instant appeal based upon either the alleged failure of South Avis to preserve its issue for appeal with a formal petition for reimbursement to the lower court, or the mootness of the issue raised. *See generally* Motion to Quash Appeal, 12/7/16. We reject the first proposed basis, as we find South Avis properly raised, argued, and therefore preserved its issue during the post-remand hearing in the court below. *See* N.T. 6/6/16. Thus, we decline Henry Street's invitation to conclude that South Avis failed to petition the court for relief.

We also disagree that dismissal for mootness is necessary, for although *PA Energy I* previously held that the nullification of the preliminary injunction in question rendered moot an issue raised in that appeal, South Avis raised a new issue on remand positing that the nullification did not prevent recovery of damages under Pa.R.C.P. 1531(b). Furthermore, the trial court's order effectively put South Avis out of court in a case where neither the court nor the parties perceived any other outstanding issues. We, therefore, refuse to quash on this basis, as well, and address South Avis' issue, *infra*.

Eventually, a dispute arose between the parties regarding whether restoration of the crossing was required and, if so, who should pay.

On November 16, 2012, Henry Street sought a preliminary injunction seeking restoration and maintenance of the railroad crossing to accommodate its legal right of use. After a hearing, the trial court entered an "interim order" directing South Avis to restore the crossing and each party to pay 50% of the restoration costs. South Avis installed a new crossing costing $28,940.

Following a full hearing on the merits, the lower court ruled that the deed conveyed from Conrail to South Avis created a right in Henry Street to use the crossing. Accordingly, the court permanently enjoined South Avis from interfering with Henry Street's use, but it also ordered Henry Street to pay all restoration costs as the sole use beneficiary. After the denial of the parties' respective post-trial motions, South Avis appealed to this Court.

In **PA Energy I**, this Court reversed the lower court's judgment permanently enjoining South Avis from interfering with Henry Street's use of the railroad crossing, as we discerned no legal entitlement in Henry Street to use the crossing. Having thereby invalidated the permanent injunction, we deemed moot Henry Street's cross-appeal assailing the second part to the permanent injunction directing Henry Street to pay all restoration costs.

We also declared moot South Avis' challenge to the preliminary injunction granting Henry Street relief, but on different grounds. Specifically, we concluded that the lower court's issuance of a subsequent

permanent injunction terminated the preliminary injunction as a matter of law, rendering it a nullity. We remanded the matter and relinquished jurisdiction.

On remand, the lower court conducted a status conference to determine if any issues remained following the decision of this Court. N.T. 6/6/16 at 2. Neither the lower court nor Henry Street identified any remaining issues, but South Avis sought reimbursement of its $14,750 restoration payment pursuant to Pa.R.C.P. 1531(b), which provides that a plaintiff shall pay damages to any person injured from a preliminary injunction later dissolved because it was improperly granted.[2] South Avis

_____

[2] Pennsylvania Rule of Civil Procedure 1531, "**Special Relief. Injunctions**," provides, in pertinent part:

   (a)   A court shall issue a preliminary or special injunction only after written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice.

         ***

   (b)   Except when the plaintiff is the Commonwealth of Pennsylvania, a political subdivision or a department, board, commission, instrumentality or officer of the Commonwealth or of a political subdivision, a preliminary or special injunction shall be granted only if

            (1) the plaintiff files a bond in an amount fixed and with security approved by the court, naming the Commonwealth as obligee,

*(Footnote Continued Next Page)*

essentially posited that the **PA Energy I** decision, through its invalidation of the permanent injunction, effectively declared the preliminary injunction improperly granted for purposes of Rule 1531(b).  N.T. at 2-3.

The trial court disagreed, opining that this Court's decision specifically declared the preliminary injunction a nullity because the trial court had issued a final, permanent injunction.  N.T. at 3.  "If it's a nullity, there's nothing for me to do.  The Superior Court says it doesn't exist[,]" the trial court explained.  Accordingly, the trial court entered its order of June 6, 2016, declining to grant South Avis the relief it sought.  This timely appeal followed.

South Avis presents the following question for our review:

> **DID THE TRIAL COURT PROPERLY DENY SOUTH AVIS REALTY, INC.'S REQUEST TO BE REIMBURSED THE COST**

_(Footnote Continued)_ _____

> > **conditioned that if the injunction is dissolved because improperly granted or for failure to hold a hearing, the plaintiff shall pay to any person injured all damages sustained by reason of granting the injunction** and all legally taxable costs and fees, or
> >
> > (2) the plaintiff deposits with the prothonotary legal tender of the United States in an amount fixed by the court to be held by the prothonotary upon the same condition as provided for the injunction bond.

Pa.R.C.P. No. 1531(a) and (b) (emphasis added).

**OF RESTORATION IT WAS ORDERED TO PAY AS PART OF THE TRIAL COURT'S ENTRY OF AN "INTERIM ORDER," EVEN THOUGH THAT RULING WAS DETERMINED BY THIS COURT TO BE INVALID?**

Appellant's brief at 4.

South Avis argues that this Court, in **PA Energy I**, deemed the preliminary injunction a nullity only within the context of deciding Henry Street's cross-appeal, which challenged the permanent injunction's directive that Henry Street was solely responsible for payment of restoration costs as a matter of equity. **See** N.T. at 3. Otherwise, South Avis argues, **PA Energy I** invalidated the preliminary injunction, which, if true, would provide a pathway for recovery under Rule 1531(B). South Avis misconstrues our prior decision in this case.[3]

---

[3] To the extent South Avis' position may be read as a request that this Court revisit our prior determination nullifying the preliminary injunction, we would deny such request under the "law of the case" doctrine. As our Supreme Court has observed:

> This doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter. **See** 21 C.J.S. Courts § 149a; 5 Am.Jur.2d Appeal and Error § 744. Among the related but distinct rules which make up the law of the case doctrine are that: (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court[.]

> ***

*(Footnote Continued Next Page)*

- 6 -

In fact, we declared the preliminary injunction a nullity in response to South Avis' appeal challenging the propriety of the preliminary injunction. Our holding in this regard was unqualified and unconditional, and it rested upon the application of settled law that the issuance of a subsequent, permanent injunction nullifies a preliminary injunction. **PA Energy I**, 120 A.3d at 1012-13. We neither considered whether the preliminary injunction was proper nor, it follows, deemed the preliminary injunction invalid. As we explained:

> South Avis argues the trial court erred in granting a preliminary injunction. This issue, however, is now moot because the trial court issued a final, permanent injunction. The issuance of a permanent injunction supersedes a preliminary injunction. **Den–Tal–Ez, Inc. v. Siemens Capital Corp.**, [] 566 A.2d 1214, 1217 n. 1 (Pa.Super. 1989) (*en banc*). "Where a preliminary injunction is in force, the issuance of a permanent injunction terminates the preliminary injunction." **Izenson v. Izenson**, [] 418 A.2d 445, 446 (Pa.Super. 1980) (*per curiam*) (internal citation omitted). In **Izenson**, for example, we dismissed an appeal from an order granting a preliminary injunction, because the trial court granted final injunctive relief during the appeal's pendency, and the appellants failed to appeal

*(Footnote Continued)* _____

> The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy (as does the coordinate jurisdiction rule) but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end. 21 C.J.S. Courts § 149a

**Commonwealth v. Starr**, 664 A.2d 1326, 1331 (Pa. 1995).

- 7 -

the order granting the permanent injunction. *Id.* Here, the trial court rendered a decision on the merits and issued a permanent injunction. Any issues regarding the granting of a preliminary injunction cannot now be considered in this appeal. *Den–Tal–Ez*, *supra*; *Izenson*, *supra*.

*PA. Energy I*, 120 A.3d. at 1012-13.[4]  Accordingly, there was no contextual limitation to our pronouncement that the permanent injunction had absolutely nullified the preliminary injunction and rendered moot "any issues" regarding the preliminary injunction.[5]

---

[4] *Cf. Coll. Watercolor Grp., Inc. v. William H. Newbauer, Inc.*, 360 A.2d 200, 207–08 (Pa. 1976) (allowing appellant to seek damages from allegedly improper preliminary injunction despite subsequent issuance of permanent injunction, where permanent injunction was narrower than preliminary injunction and did not govern matter challenged). In the case *sub judice*, the preliminary injunction and permanent injunction were coextensive.

[5] Moreover, we considered it unnecessary to address Henry Street's claim only because we had invalidated the *permanent* injunction and its underlying judgment imposing a unilateral payment obligation upon Henry Street as sole use-beneficiary of the restored railroad crossing. *See Id.*, 120 A.3d at 1013-1017 (setting forth legal standard for granting a permanent injunction and applying it to review lower court's judgment). Specifically, we held:

> In light of the foregoing whereby we have reversed the trial court's judgment granting equitable relief to Henry Street, we need not address Henry Street's cross-appeal that the trial court erred in imposing upon Henry Street the full costs of repair of Crossing 2. Because we reverse the trial court's judgment, it follows also that the granting of relief imposing costs of restoration as a part of that judgment is a nullity.

*Id.* at 1017.

Therefore, our decision disposing of Henry Street's cross-appeal did not involve the preliminary injunction at all. Rather, we simply held that Henry Street was no longer bound to pay *all* restoration costs as the sole
*(Footnote Continued Next Page)*

The fact that the preliminary injunction was not dissolved as improperly granted is dispositive to the controversy before us now. South Avis predicated its present claim on Rule 1531(b), which, as explained above, provides a mechanism by which a party injured by a preliminary injunction dissolved as improperly granted may recover resultant damages. However, in **PA Energy I**, this Court clarified that the preliminary injunction in this case was not so dissolved but was, instead, superseded and nullified as a matter of law by a permanent injunction. Indeed, South Avis asked this Court **in PA Energy I** to invalidate the preliminary injunction, but we refused to reach the question of its validity, as it was, at that time, a legal nullity. On remand, the trial court properly implemented this Court's determination in this regard. Accordingly, Rule 1531(b) offers no relief to South Avis, such that we may not find error with the trial court's rejection of South Avis' claim.

Appellee's Motion to Quash is DENIED. Order is AFFIRMED.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2017

_(Footnote Continued)_ _____

beneficiary of the crossing, as we invalidated the permanent injunction and corresponding judgment therein mandating such payment.