J-A05031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| 631 NORTH BROAD STREET, LP | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CONGREGATION RODEPH SHALOM | : | No. 1151 EDA 2017 |

Appeal from the Order Entered March 1, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  April Term, 2016 No. 02632

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED APRIL 20, 2018**

Appellant, 631 North Broad Street, LP, appeals from the trial court's entry of a preliminary injunction order[1] in favor of movant Appellee, Congregation Rodeph Shalom, restraining Appellant from modifying a party wall while engaged in construction activities on its own property.  In response, Appellee has filed a motion to quash the appeal as moot because the trial court has since entered a final, permanent injunction based on a merits review of the same substantive issues raised in the preliminary injunction.[2]  After careful review, we grant Appellees' motion and quash Appellant's appeal.

---

[1] Preliminary injunctions are interlocutory orders immediately appealable as of right.  **See** Pa.R.A.P. 311(a)(4).

[2] On January 25, 2018, Appellant timely filed a separate notice of appeal to this Court from the judgment entered on December 28, 2017, following the entry of the trial court's order that issued a permanent injunction in favor of Appellees.

---

*   Former Justice specially assigned to the Superior Court.

The trial court's Pa.R.A.P. 1925(a) opinion, dated July 10, 2017, and its memorandum opinion, dated March 1, 2017, provide apt factual and procedural histories of the case, such that we may rely on them for our present purposes. Suffice it to say that, in the present appeal, Appellant maintains the trial court's preliminary injunction improperly enjoined it "from exercising its right to utilize its property in its desired, lawful manner and caused [it] to suffer substantial damages, including hundreds of thousands of dollars in out-of-pocket costs to specially maintain a wall that provides no value to [Appellee] and diminishes the value of [Appellant's] property." Appellant's Answer to Motion to Quash Appeal, at 3. Pa.R.C.P. 1531(b)[3] protects victims of improper preliminary injunctions, Appellant continues, by allowing them to recover damages from the party who improperly obtained the injunction.

_____

[3] **Rule 1531. Special Relief. Injunctions**, provides in pertinent part:

> (b) Except when the plaintiff is the Commonwealth of Pennsylvania, a political subdivision of a department, board, commission, instrumentality or officer of the Commonwealth or of a political subdivision, a preliminary or special injunction shall be granted only if
>
> > (1)    The plaintiff files a bond in an amount fixed and with security approved by the court, naming the Commonwealth as oblige, conditioned that if the injunction is dissolved because improperly granted or for failure to hold a hearing, the plaintiff shall pay to any person injured all damages sustained by reason of granting the injunction and all legally taxable costs and fees….

Pa.R.C.P. 1531(b)(1).

Unless this Court considers Appellant's challenge to the trial court's preliminary injunction on the merits, Appellant may lose its opportunity under Rule 1531(b) to recover damages.

Generally, an appeal from the grant of a preliminary injunction becomes moot when the trial court enters a permanent injunction, because the former merges into the latter. ***Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.***, 527 U.S. 308, 119 S.Ct. 1961 (1999) ("***Grupo Mexicano***"); ***Pa. Energy Vision, LLC v. S. Avis Realty, Inc.***, 120 A.3d 1008 (Pa. Super. 2015). We dismiss appeals in such circumstances, as explained in ***Pa. Energy Vision***:

> South Avis argues the trial court erred in granting a preliminary injunction. This issue, however, is now moot because the trial court issued a final, permanent injunction. The issuance of a permanent injunction supersedes a preliminary injunction. ***Den–Tal–Ez, Inc. v. Siemens Capital Corp.***, 389 Pa.Super. 219, 566 A.2d 1214, 1217 n. 1 (1989) (*en banc*). "Where a preliminary injunction is in force, the issuance of a permanent injunction terminates the preliminary injunction." ***Izenson v. Izenson***, 274 Pa.Super. 356, 418 A.2d 445, 446 (1980) (*per curiam* ) (internal citation omitted). . . . Here, the trial court rendered a decision on the merits and issued a permanent injunction. Any issues regarding the granting of a preliminary injunction cannot now be considered in this appeal. ***Den–Tal–Ez, supra***; ***Izenson***, ***supra*.**

***Pa. Energy Vision***, 120 A.3d at 1012-13.[4]

---

[4] In ***Grupo Mexicano***, the United States Supreme Court explicated further:

> In the case of the usual preliminary injunction, the plaintiff seeks to enjoin, pending the outcome of the litigation, action that he claims is unlawful. If his lawsuit turns out to be meritorious—if he is found to be entitled to the permanent injunction that he seeks—

- 3 -

An exception to this general rule may obtain, however, where the appeal from the preliminary injunction raises a substantive issue that is wholly independent from the substantive issue resolved in the final, permanent injunction. *See*, *e.g.*, *Grupo Mexicano*; *Coll. Watercolor Grp., Inc. v. William H. Newbauer, Inc.*, 360 A.2d 200, 207-208 (Pa. 1976). Appellant appears to argue that its case falls under this exception because the order granting a permanent injunction in the present case did not address delay expenses incurred by Appellant flowing from the preliminary injunction. As we explain below, this argument fails, for Appellant's delay damages claim is predicated on its challenge to Appellee's interest in the party wall, and the trial court rejected Appellant's predicate challenge on the merits when issuing the permanent injunction.

In *Coll. Watercolor Grp., Inc.*, our Supreme Court recognized an exception to the precept that a permanent injunction nullifies all issues stemming from a preceding preliminary injunction. Specifically, the appellants contested a trial court order dissolving a $10,000.00 injunction bond filed by

---

even if the preliminary injunction was wrongly issued (because at that stage of the litigation the plaintiff's prospects of winning were not sufficiently clear, or the plaintiff was not suffering irreparable injury) its issuance would in any event be harmless error. The final injunction establishes that the defendant should not have been engaging in the conduct that was enjoined. Hence, it is reasonable to regard the preliminary injunction as merging into the final one: If the latter is valid, the former is, if not procedurally correct, at least harmless.

*Id.* at 314-15, 119 S.Ct. at 1966.

the appellee when the court granted a preliminary injunction against the appellants. After the court issued a permanent injunction in favor of appellee, appellee requested that the injunction bond be dissolved, as a permanent injunction did not require security. The trial court granted appellee's petition for relief.

On appeal, the appellants claimed the trial court erred in dissolving the preliminary injunction bond because the permanent injunction was narrower in scope than the preliminary injunction had been. Therefore, it was conceivable that the appellants could present a meritorious claim for damages arising from that distinct portion of the preliminary injunction not contemplated by the permanent injunction. The Court agreed.

Rule 1531(b), requiring a plaintiff requesting a preliminary injunction to file a bond, is intended to protect persons injured by improperly granted preliminary injunctions, the Court noted. It continued, "Since the permanent injunction issued was narrower than the preliminary injunction, the appellants may be able to prove damages in a proper proceeding. In that event, appellants are entitled to look to the bond for recovery." *Id*. at 208.

Here, Appellant fails to show that the preliminary injunction complained of was, in some respect, broader than the permanent injunction that followed it, such that the permanent injunction failed to govern all aspects of the preliminary injunction. Appellant complains that the preliminary injunction imposed costly restrictions that unfairly delayed its progress on developing its own property, but clearly the permanent injunction rejects the notion that the

- 5 -

restrictions were unfairly imposed, as it effectively ratified all substantive aspects of the preliminary injunction. Indeed, in asserting that the order issuing a permanent injunction was nothing more than a "rubber stamping"[5] of the preliminary injunction, Appellant essentially concedes that the two injunctions were coextensive. Therefore, the exception in ***Coll. Watercolor Grp., Inc.*** does not apply to the present matter.

Similarly, in ***Grupo Mexicano***, the United States Supreme Court recognized this exception when it unanimously held that the final injunction resolving the merits of the respondents' claim in respondents' favor did not render moot the petitioner's issue on appeal that the preliminary injunction had been wrongly decided. The reason the general rule of mootness did not apply, the Court explained, was because petitioners' substantive challenge to the preliminary injunction addressed a different matter than the permanent injunction addressed:

> In the present case, however, petitioners' basis for arguing that the preliminary injunction was wrongfully issued—which is that the District Court lacked the power to restrain [petitioners'] use of assets pending a money judgment—is independent of respondents' claim on the merits—which is that petitioners breached the note instrument by failing to make the August 1997 interest payment. The [final injunction's] resolution of the merits is immaterial to the validity of petitioners' potential claim on the [preliminary injunction] bond.

---

[5] Appellant's Answer at 4. We note, further, that the validity of the permanent injunction, which Appellant also appears to challenge with its "rubber stamping" charge, is a matter to be raised in its direct appeal from the judgment entered on the permanent injunction.

*Id.* at 317, 119 S.Ct. at 1967.

***Grupo Mexicano*** was exceptional because it involved an atypical claim—the preliminary injunction was issued not to enjoin unlawful conduct, but rather to declare unlawful, for the first time, conduct that was until then permissible. This decision, the Court reasoned, should have been reserved for a final, permanent injunction.

Therefore, the Court held, if petitioners were correct on their claim, they should be able to recover for the trial court's premature and unauthorized preliminary injunction, even if the final, permanent injunction was valid. This was so, the Court emphasized, because the final, permanent injunction's resolution of the merits was immaterial to the validity of the preliminary injunction. As such, it would make no sense to say the preliminary injunction merged into the final one.

In contrast to the facts of ***Grupo Mexicano***, Appellant's preliminary injunction implicated the same substantive issues that were addressed in the trial court's final, permanent injunction. As noted, the appeal challenges the propriety of the court's determination that Appellees possessed sufficient rights in the party wall to support preliminarily enjoining Appellant from developing its property as it had planned. Appellant acknowledges that the trial court's final, permanent injunction represented an affirmation of Appellee's rights in the wall. Essentially, the court concluded in its permanent injunction that Appellant should not have been developing the property in the manner that was enjoined preliminarily.

- 7 -

Because the preliminary and final, permanent injunctions involved the same substantive issues, the instant case does not present an exception to the general rule that a preliminary injunction merges into the final injunction. Therefore, we conclude the issues raised in the present appeal are moot and subject to quashal.

Motion to quash granted. Appeal quashed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/20/18